**Donna KELLEY, et al., Plaintiffs,**

v.

**SECRETARY, UNITED STATES DEPARTMENT OF LABOR, Defendant.**

No. 85–03–00437.

United States Court of International Trade.

June 27, 1986.

Donna Kelley, pro se.

Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Platte B. Moring, III, Civ. Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

### Opinion

RESTANI, Judge:

On December 30, 1985, in the above-captioned matter, 9 CIT ——, 626 F.Supp. 398 (1985), this court remanded for further consideration the Secretary of Labor's (Secretary's) denial of a petition for Trade Adjustment Assistance filed pursuant to section 221(a) of the Trade Act of 1974, as

amended (Act).[1] 19 U.S.C. § 2271(a) (1982). In a clarification of that opinion, 10 CIT ——, 633 F.Supp. 1374 (1986), this court pointed out the three deficiencies in the administrative record that prevented the court from finding that the Secretary's determination was supported by substantial evidence. This matter is now before the court for review of the Secretary's reaffirmance on remand denying certification of the petition.

The three defects in the administrative record noted in 633 F.Supp. 1374 are as follows: First, it appeared that data sheets included in the administrative record listed plant specific sales figures of industrial thread [2] and not company-wide sales of that article. If the data sheets were in fact plant specific, the court directed that the Secretary should supplement the record with data from other plants owned by American Thread that produce the article in question. 10 CIT at ——, 633 F.Supp. at 1375 & n. 3. Second, from the record it appeared that sales had decreased by approximately twelve percent between 1982 and 1983, but the customer survey relied on by the Secretary in making his determination accounted for only six and eight percent of sales, respectively, for those years and for only three percent of the sales decline during that period.[3] The

court stated that these samplings were insufficient to provide substantial evidence to support the Secretary's determination. *Id.* at ——, 633 F.Supp. at 1375. Third, it was unclear from the record why the customer survey failed to include the company that had decreased its purchases of industrial thread by a larger amount, during the first eight months of 1984 as compared with the first eight months of 1983, than did any other customer of American Thread for which data was compiled. Although this customer's address was listed as in Canada, it was unclear whether its purchases were for the United States' or Canada's market. *Id.* at ——, 633 F.Supp. at 1376.

As to the first deficiency, the administrative record has been supplemented to indicate that the data sheets on the record represent company-wide, rather than plant specific, sales of the subject merchandise. Although this is contrary to the heading on the data sheets themselves, the court accepts as true the statement in the supplemental record, from an executive of the American Thread Company, verifying that sales are not made from American Thread's individual plants and thus that the data sheets do in fact represent company-wide sales.

The second defect was also corrected on remand. The court's reference to a sales

---

1. The petition alleged that increased imports of articles like or directly competitive with the cotton and synthetic sewing thread produced at the American Thread Company's (American Thread's) plant in Tallapoosa, Georgia (Tallapoosa plant), contributed importantly to the worker separations or threat of worker separations at the Tallapoosa plant.

   The requirements for eligibility to apply for trade adjustment assistance are set forth in § 222 of the Act which provides:

   The Secretary shall certify a group of workers as eligible to apply for adjustment assistance under this part if he determines—

   (1) that a significant number or proportion of the workers in such workers' firm or an appropriate subdivision of the firm have become totally or partially separated, or are threatened to become totally or partially separated,

   (2) that sales or production, or both, of such firm or subdivision have decreased absolutely, and

(3) that increases of imports of articles like or directly competitive with articles produced by such workers' firm or an appropriate subdivision thereof contributed importantly to such total or partial separation, or threat thereof, and to such decline in sales or production.

For purposes of paragraph (3), the term "contributed importantly" means a cause which is important, but not necessarily more important than any other cause.

19 U.S.C. § 2272 (1982 & Supp. II 1984).

2. Defendant uses the term "industrial thread" as a synonym for the term "cotton and synthetic sewing thread." As noted in Slip Op. 86–39, in the absence of information to the contrary, the court will equate the two. 10 CIT at ——, 633 F.Supp. at 1375 n. 2.

3. The Secretary considered the period from 1982 through the first eight months of 1984 as relevant in reviewing plaintiff's petition. *Id.* at ——, 633 F.Supp. at 1375.

decline of twelve percent from 1982 to 1983, *id.* at ——, 633 F.Supp. at 1375, was based on annual sales totals contained in the administrative record. On remand, however, the Department of Labor corrected an addition error contained in the record. From the corrected annual sales total for 1982, it is evident that the sales decline from 1982 to 1983 was roughly two percent rather than twelve percent. Further, the record was also supplemented to include survey data from another company that had decreased purchases during this period. Based on these new figures, survey data on the record now accounts for roughly nineteen percent of the sales decline during this period rather than only three percent of the decline. It now appears that even if the portion of the two percent sales decline of industrial thread from 1982 to 1983 that is not accounted for in the survey data was lost entirely to imports of articles like or directly competitive with the subject merchandise, a decline in sales of only 1.6% (approximately) would be due to such imports. Under these circumstances, the failure to get an expanded sampling to account for a larger percentage of 1982–1983 sales or sales decline does not render the Secretary's finding, that imports did not contribute importantly to separations for the 1982–1983 period, unsupported by substantial evidence.

Finally, as to the third defect, the administrative record has been supplemented to explain the omission, from the customer survey, of the company that accounted for the greatest documented decrease in purchases during the 1983–1984 period. The record now indicates that over ninety-nine percent of this company's purchases from American Thread were processed in Canadian plants for the Canadian market. It was unnecessary, therefore, to include this company in the customer survey. *See id.* at ——, 633 F.Supp. at 1376.

Based on the foregoing, the court concludes that there is substantial evidence on the administrative record, as supplemented, to support the Secretary of Labor's remand determination denying plaintiffs' petition for trade adjustment assistance.

Judgment will be entered accordingly. SO ORDERED.