cate. *Fundicao Tupy S.A.* v. *United States,* 841 F.2d 1101, 1104 (Fed. Cir. 1988).

As in *Tupy IV,* the Court has jurisdiction to enjoin liquidation of merchandise entered in subsequent review periods pending appeal of the merits. *See also Algoma Steel Corp.* v. *United States,* 12 CIT 802, Slip Op. 88–118 at 2 (Sept. 6, 1988) (where the Court fashioned a limited injunction pending appeal as to merchandise entered in a second review period even though the importers did not first apply for a preliminary injunction).

In *Tupy IV,* the Court followed *Tupy II* and granted an injunction pending appeal after considering the four factors: (1) whether there is a liklihood of success on the merits; (2) whether the applicant will be irreparably injured; (3) whether other parties will be substantially injured; and (4) where the public interest lies. *See also Hilton* v. *Braunskill,* 107 S. Ct. 2113, 2119 (1987); *Tupy II,* 11 CIT at 638, 671 F. Supp. at 29–30.

I find that none of the four factors have weakened in the application to modify the injunction pending appeal. In fact, the first factor has strengthened in favor of extending the injunction pending appeal because of the line of decisions holding that interested parties do not need to request administrative reviews to preserve their rights to an injunction against liquidation of merchandise entered in subsequent review periods.

I would grant plaintiffs' motion to modify the injunction pending appeal to include merchandise entered during the second review period, without requiring plaintiffs to apply for that relief from the Federal Circuit. As the majority recognizes, Rule 8(a) of the Federal Rules of Appellate Procedure provides that a motion to modify an injunction during the pendency of an appeal must ordinarily be made in the first instance in the district court. Rule 8(a) of the Federal Rules of Appellate Procedure works to advance cases through crowded appellate dockets. Other cases may be better suited to bring the issue before the Federal Circuit.

FORMER EMPLOYEES OF ITT, PLAINTIFF *v.* SECRETARY OF LABOR, DEFENDANT

Court No. 88–05–00373

OPINION

(Decided September 12, 1988)

*Betty Ruth Crocker* (on behalf of Former Employees of ITT) *pro se.*

*John R. Bolton,* Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (*Velta A. Melnbrencis*) for the defendant.

## BACKGROUND

MUSGRAVE, *Judge:* By letter dated May 16, 1988, Plaintiff Betty Ruth Crocker wrote to the Court on behalf of herself and other employees of ITT regarding their claims for trade adjustment assistance, which allegedly had been denied to them by the Department of Employment Security, State of Tennessee.

On May 23, 1988, the Clerk of the Court advised Ms. Crocker that her letter had been accepted "as fulfilling in principle the requirements of the summons and complaint for the commencement of a civil action to review the question of the impact date for certification of eligibility for trade adjustment assistance benefits."

By letter dated May 27, 1988, Ms. Crocker wrote again to explain that by her first letter she "was only wondering if the impact date could be changed so that [former employees of ITT] could receive [TAA] benefits."

Defendant moves to dismiss this complaint for lack of jurisdiction and for failure to state a claim upon which relief may be granted.

## DISCUSSION

This Court possesses jurisdiction to review any final determination of the Secretary of Labor under section 223 of the Trade Act of 1974, 19 U.S.C. § 2273, with respect to the eligibility of workers for adjustment assistance. *See* 28 U.S.C. § 1581(d)(1). A civil action contesting a final determination of the Secretary of Labor under Section 223, however, is barred unless commenced within sixty days after the date of notice of such determination. 28 U.S.C. § 2636(d). The Secretary of Labor made two such determinations with respect to employees of ITT Telecon Products Corp. of Milan, Tennessee; notice of these determinations were published on December 3, 1985 and January 28, 1988 respectively.

Plaintiff's letter, accepted by the Court as a summons and complaint, was deemed filed on May 19, 1988. This date clearly falls outside the sixty day limit prescribed in 28 U.S.C. § 2636(d). Thus the Court has no option but to dismiss this action for lack of jurisdiction. *See Kelley* v. *Sec., U.S. Dept. of Labor,* 812 F.2d 1378 (Fed. Cir. 1987).

Furthermore, plaintiff's claim that she and other fellow employees were denied TAA benefits by the Department of Employment Security of the State of Tennessee[1] fails to state a claim upon which relief may be granted.

---

[1] Ms. Crocker became eligible for trade readjustment assistance based on her qualifying separation of November 3, 1984. However, her 104 week eligibility period apparently expired on October 24, 1987 without her re-

After a petitioning group of workers is certified by the Secretary of Labor as eligible to apply for trade adjustment assistance, the individual members of the certified group may apply to the particular state agency which administers the program for a trade adjustment allowance. *See* 19 U.S.C. § 2311. However, according to subsection (d) of that statute, "a determination by a cooperating State agency with respect to entitlement to program benefits under an agreement is subject to review in the same manner and to the same extent as determinations *under the applicable State law and only in that manner and to that extent* (emphasis added).

The Court therefore has no alternative but to grant defendant's motion to dismiss for lack of jurisdiction and for failure to state a claim upon which relief may be granted.

ceiving any payments because she was either gainfully employed or receiving unemployment benefits during that time.