FORMER EMPLOYEE OF EASTMAN CHRISTENSEN, PLAINTIFF *v.*
U.S. SECRETARY OF LABOR, DEFENDANT

Court No. 91–05–00379

(Decided September 19, 1991)

*Mary Golden pro se.*
*Stuart M. Gerson,* Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (*Jane E. Meehan*) for the defendant.

AQUILINO, *Judge*: The plaintiff seeks judicial review of the Secretary of Labor's denial of certification of eligibility for trade adjustment assistance. The defendant has responded with a motion to dismiss this action for lack of subject-matter jurisdiction pursuant to CIT Rule 12(b)(1).

The record reveals filing of a petition on behalf of former employees of the firm Eastman Christensen pursuant to 19 U.S.C. § 2271 *et seq.*, under which statute the Secretary shall certify a group of workers as eligible to apply for adjustment assistance if he determines —

(1) that a significant number or proportion of the workers in such workers' firm or an appropriate subdivision of the firm have become totally or partially separated, or are threatened to become totally or partially separated,
(2) that sales or production, or both, of such firm or subdivision have decreased absolutely, and
(3) that increases of imports of articles like or directly competitive with articles produced by such workers' firm or an appropriate subdivision thereof contributed importantly to such total or partial separation, or threat thereof, and to such decline in sales or production.

19 U.S.C. § 2272 (a). The Secretary did not so determine, and the petition was thus denied on January 23, 1991. *See* Record Document ("R.Doc") 8 and 56 Fed. Reg. at 7,066. Notice of this denial was mailed to the petitioners, whereupon Mary Golden requested reconsideration. *See* R.Doc 10. It was denied. She was notified of this decision in a letter dated March 1, 1991 and which informed her that she had 60 days from the date of publication of the denial in the Federal Register in which to seek judicial review. *See* R.Doc 11. That date was March 8, 1991. *See* 56 Fed.Reg. 9,978.

A letter from the plaintiff to this Court of International Trade dated May 17, 1991 was deemed by the Clerk a summons and complaint filed on May 20, 1991.

The Trade Act of 1974, as supplemented, provides that a worker may, within 60 days after notice of denial of certification, commence a civil action in the Court of International Trade for review. 19 U.S.C. § 2395(a). *See also* 28 U.S.C. § 2636(d) (an action of this kind "is barred

unless commenced * * * within sixty days after the date of notice" of the determination). According to 29 C.F.R. § 90.19(a), publication of the denial in the Federal Register is "notice" for purposes of these provisions.

The Court of Appeals for the Federal Circuit has held that plaintiffs *pro se* are not excepted from this regulation: constructive, rather than actual, notice is sufficient to start the 60–day period. *E.g., Kelley v. Secretary of Labor*, 812 F.2d 1378 (Fed.Cir. 1987) (reversing an opinion that the 60 days run from the moment of actual notice rather than from the date of publication). In other words, the 60–day requirement is "strictly construed". *Former Employees of Malapai Resources Co. v. Dole*, 15 CIT 25, 27, Slip Op. 91–5 at 5–6 (Feb. 5, 1991).

Here, as in *Malapai*, the plaintiff received actual notice approximately one week prior to publication in the Federal Register[1], but, even if she had not, this action was commenced on May 20, 1991, or beyond the end of the prescribed statutory period. Hence, the Court is left with no alternative but to conclude that the complaint is time-barred and that defendant's motion to dismiss must be granted. Judgment will enter accordingly.