**Carl G. GUNN, Petitioner,**

v.

**UNITED STATES POSTAL SERVICE, Respondent.**

No. 01–3219.

United States Court of Appeals, Federal Circuit.

Nov. 8, 2001.

Before GAJARSA, Circuit Judge, PLAGER, Senior Circuit Judge, and DYK Circuit Judge.

## DECISION

PER CURIAM.

Carl G. Gunn ("Gunn"), appeals the decision of the Merit Systems Protection Board ("MSPB"), dismissing his appeal on the basis of a settlement agreement ("the agreement") with the United States Postal Service ("USPS"). *Gunn v. U.S. Postal Serv.*, No. CH–0752–00–0200–1–1, 2001 WL 125787 (Merit Sys. Prot. Bd. Feb. 5, 2001). Because MSPB's dismissal of Gunn's appeal was not arbitrary, capricious, or an abuse of discretion and is otherwise in accordance with the law, we *affirm* MSPB's dismissal.

Gunn was a supervisor with USPS. On October 8, 1999, USPS completed an inquiry into charges of improper conduct and inappropriate physical contact with another employee. On October 13, 1999, USPS proposed Gunn's removal. USPS issued a November 2, 1999, letter of decision removing Gunn on November 13, 1999.

On December 9, 1999, Gunn appealed his removal to the MSPB. On December 21, 1999, with union representation, Gunn entered into settlement agreement with the USPS under which USPS retained Gunn after demotion and reassignment, while Gunn waived any appeal rights. The agreement stated that settlement "did not result from harassment, threats, coercion or intimidation." On January 20, 2000, the administrative judge ("AJ") hearing the case dismissed Gunn's appeal after the agreement was filed. Gunn thereafter petitioned for review and a hearing. The AJ dismissed. The full Board affirmed the dismissal, finding Gunn offered no new evidence and the initial decision contained no error. MSPB instructed Gunn: "The court must receive your request for review no later than 60 calendar days after your receipt of this order ... [B]e very careful to file on time." Gunn received the order on February 8, 2001. Gunn's overdue informal brief was received on June 29, 2001.

Gunn seeks review of the MSPB's dismissal of his appeal based on (1) veterans' rights, (2) the Americans with Disabilities Act, and (3) duress in the agreement.

■ That Gunn petitioned the court over 80 days after the elapse of the 60–day statutory deadline, is adequate grounds for dismissal for lack of jurisdiction. See 5 U.S.C. § 7703(b)(1) (2000). However, since USPS has declined to raise untimeliness and "leniency with respect to mere formalities should be extended to a *pro se* party," *Kelley v. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed.Cir.1987), the court extends that leniency to reach the merits of Gunn's *pro se* appeal.

■ Pursuant to 5 U.S.C. § 7703(c)(1)-(3) (2000), the court must affirm the MSPB unless a decision is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law rule, or regulation having been followed; (3) unsupported by substantial evidence. *Hayes v. Dep't of the Navy*, 727 F.2d 1535 (Fed.Cir.1984). Gunn bears the burden of proving reversible error. *Harris v. Dep't of Veterans Affairs*, 142 F.3d 1463, 1467 (Fed.Cir.1998).

■ The only issue is whether the settlement agreement is valid and enforceable. Gunn's unsubstantiated allegations fail to prove the agreement was so tainted by fraud that the MSPB erred when accepting the agreement into its record. *Id.* at 1468. To attack a settlement for duress "it must be shown that the party benefited thereby constrained or forced the action of the injured party." *Asberry v. U.S. Postal Serv.*, 692 F.2d 1378, 1381 (Fed.Cir.1982). Accepting the benefit of continued employment over permanent removal, Gunn is equitably estopped from attacking the agreement. *Id.* at 1382. Gunn made the difficult choice of continued employment

over pursuing his appeal. But this inherently unpleasant situation does not make his decision less voluntary. *Covington v. Dep't of Health and Human Servs.*, 750 F.2d 937, 942 (Fed.Cir.1984)

The MSPB's dismissal agreement was not arbitrary, capricious, nor an abuse of discretion. The MSPB decided the issue in accordance with the law and was supported by substantial evidence of record. Thus, we affirm the decision of the MSPB.