**Donna KELLEY, et al., Appellants,**

**v.**

**SECRETARY, U.S. DEPARTMENT OF LABOR, Appellee.**

Appeal No. 86–1650.

United States Court of Appeals, Federal Circuit.

Feb. 26, 1987.

Donna Kelley, pro se.

Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Director, Washington, D.C., Velta A. Melnbrencis, Asst. Director, New York City, and Platte B. Moring, III, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., for appellee.

Before NIES, BISSELL and ARCHER, Circuit Judges.

NIES, Circuit Judge.

Donna Kelley, on behalf of herself and other former employees of the American Thread Company, appeals from the decision of the Court of International Trade, 638 F.Supp. 1344 (CIT 1986), which affirmed the Secretary of Labor's denial of a petition for trade adjustment assistance under section 222 of the Trade Act of 1974, 19 U.S.C. § 2272 (1982 & Supp. III 1984). Appellants, in essence, challenge the court's holding that substantial evidence supports the Secretary's determination. In addition to countering appellants' arguments, the government urges that the trial court erred in holding, in an earlier decision, that appellants' petition was timely filed in that court. 626 F.Supp. 398, 400 (CIT 1986). We agree with the government. Accordingly, we reverse the trial court's holding that it had jurisdiction, vacate the appealed judgment, and remand with the direction to dismiss the subject petition for lack of jur-

isdiction due to the untimely filing of the complaint.[1]

### Background

On January 4, 1985, the Office of Trade Adjustment Assistance of the Department of Labor published a negative determination regarding the eligibility of the former employees of American Thread to apply for worker adjustment assistance. The Secretary of Labor found that increases in importation of articles like or directly competitive with articles produced by American Thread did not contribute importantly to the loss of their jobs. 50 Fed.Reg. 569 (1985). The trial court found that there was no evidence that Ms. Kelley or the workers who had actually petitioned the Labor Department had received actual notice of the negative determination earlier than February 18, 1985. On March 20, 1985, Ms. Kelley wrote to the Clerk of the Court of International Trade and to the Secretary of Labor objecting to the unfavorable determination and asking for various kinds of financial assistance. The Clerk deemed the letter to the court to constitute a summons and complaint filed on March 28, 1985, the date of its receipt.

To obtain judicial review of a final determination of the Secretary of Labor under the Trade Act of 1974 with respect to the eligibility of workers to apply for trade adjustment assistance, "[a] worker, group of workers, certified or recognized union, or authorized representative of such worker or group" must, "within sixty days after notice of such determination commence a civil action in the United States Court of International Trade for review of such determination." 19 U.S.C. § 2395(a) (1982). The Secretary of Labor is required by statute, 19 U.S.C. § 2273(c) (1982), to publish its final determination in the Federal Register. Under the Secretary's regulations interpreting section 2395(a), "[t]he party seeking judicial review must file for review

in the appropriate court within sixty (60) days after the notice of determination has been published in the Federal Register." 29 C.F.R. § 90.19(a). Ms. Kelley did not file within the sixty days of publication of notice in the Federal Register, but did file within sixty days of receiving actual notice.

The court agreed with the government that constructive notice, i.e. by publication, was generally sufficient under 19 U.S.C. § 2395(a) to start the running of the sixty-day period, but held that such notice was not effective against the *pro se* appellants in this case. The court reasoned that "the statute requires a consideration of whether notice was proper in the context of other applicable statutes and regulations." 626 F.Supp. at 399. The "other applicable statute" relied on by the court was 19 U.S.C. § 2273(a), which requires the Secretary of Labor to act on a petition for trade adjustment assistance within sixty days after the petition is filed. In this case the Secretary did not meet that deadline. As a consequence, the court held that the Secretary's late action on the petition, while not *ultra vires*, had procedural consequences. It reasoned that:

> where, as here, a party is proceeding *pro se* before the Secretary of Labor, the court finds that the Secretary's failure to comply with the statutory time constraints regarding issuance of a final determination makes it inappropriate to hold that publication in the Federal Register places plaintiffs on constructive notice and thereby marks the beginning of the sixty day statute of limitations. Congress could not have intended a *pro se* party to constantly search the Federal Register for the final determination of the Secretary of Labor for months beyond the sixty days within which such determination is due under the statute.

626 F.Supp. at 400.[2] The court held that the sixty-day period began to run in this

---

**1.** We do not address the issue of Ms. Kelley's standing to sue "on behalf of" other workers.

**2.** The court distinguished other cases upholding the Secretary's interpretation of section 2395(a), namely, *Waschko v. Donovan*, 4 CIT 271, 272 (1982), on the ground that the Secretary made

the determination in that case within the statutorily prescribed time limit, and *Brunelle v. Donovan*, 3 CIT 76 (1982), which involved both a late agency determination and a *pro se* petitioner, because it did not specifically address

case from the actual notice date, that is, February 18, 1985.

### Opinion

██ A reviewing court must accord substantial weight to an agency's interpretation of a statute it administers. *Zenith Radio Corp. v. United States,* 437 U.S. 443, 450, 98 S.Ct. 2441, 2445, 57 L.Ed.2d 337 (1978); *American Lamb Co. v. United States,* 785 F.2d 994, 1001 (Fed.Cir.1986). There is no hint in the Trade Act that actual notice is necessary to start the sixty-day limitation period, and utilization of notice in the Federal Register as the triggering event is consistent with the language and structure of the Act. "Though a court may reject an agency interpretation that contravenes clearly discernible legislative intent, its role when that intent is not contravened is to determine whether the agency's interpretation is 'sufficiently reasonable.' " *American Lamb,* 785 F.2d at 1001; *see also United States v. Federal Ins. Co.,* 805 F.2d 1012, 1017 (Fed.Cir.1986). "[A] court may not substitute its own construction of a statutory provision for a reasonable interpretation made by the administrator of an agency." *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 844, 104 S.Ct. 2778, 2782, 81 L.Ed.2d 694 (1984); *Federal Ins. Co.,* 805 F.2d at 1017.

██ Here, the trial court acknowledged that the Secretary's interpretation of section 2395(a) is reasonable, but made an exception for *pro se* litigants. We agree that leniency with respect to mere formalities should be extended to a *pro se* party, as was done in this case by the acceptance of Ms. Kelley's letter as a "summons and complaint." However, where the question is the calculation of the time limitations placed on the consent of the United States to suit, a court may not similarly take a liberal view of that jurisdictional requirement and set a different rule for *pro se* litigants only. On a matter of that nature we are aware of no authority which would support that type of differentiation between litigants. Moreover, contrary to the trial court, the lack of specificity in the statute with respect to the notice requirement does not evidence that Congress intended the result the court reached. Nor does it open the way for the court to overturn the Secretary's regulation as unreasonable. The *pro se* status of appellants does not remove them from the general rule on constructive notice, 29 C.F.R. § 90.19(a).[3]

Because appellants have failed "to comply with the terms upon which the United States has consented to be sued, the court has no 'jurisdiction to entertain the suit.' " *Georgetown Steel Corp. v. United States,* 801 F.2d 1308, 1312 (Fed.Cir.1986). Accordingly, we vacate the judgment of the Court of International Trade and remand the case to that court to dismiss the appellants' petition for lack of jurisdiction.

REVERSED, VACATED, AND REMANDED.

---

the procedural consequence of a late determination by the Secretary.

**3.** The trial court did not rest its decision on the possible failure of the Secretary of Labor here to follow a regulation which states that the Secretary will give "notice of a certification, negative determination, or termination" to the "group of workers concerned," presumably via their designated representative. 29 C.F.R. § 90.-34. The Secretary gave notice to the company's personnel officer. The government asserts and the Court of International Trade has held, *Tyler v. Donovan,* 3 CIT 62, 535 F.Supp. 691, 694 (1982), that the "notice" of 29 C.F.R. § 90.34 is simply a courtesy notice and that the Secretary's interpretation specifically with respect to the time for seeking judicial review in 29 C.F.R. § 90.19(a) controls. We are constrained to agree, but without approving notice to a personnel officer as notice to the group of workers concerned.