FORMER EMPLOYEES OF SUTTLE APPARATUS CORP., PLAINTIFFS *v.*
U.S. SECRETARY OF LABOR, DEFENDANT

Court No. 89–02–00076

(Decided June 23, 1989)

*Paul D. Tracy* and *Becca Devin,* for plaintiffs.
*Stuart E. Schiffer,* Acting Assistant Attorney General, *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (*Anthony H. Anikeef*), for defendant.

## MEMORANDUM DECISION AND ORDER

DICARLO, *Judge:* The former employees of Suttle Apparatus Corp. filed this action to contest the decision of the Secretary of Labor denying certification for trade adjustment assistance benefits under 19 U.S.C. § 2272 (1982 & Supp. V 1987). The government moves to dismiss pursuant to Rule 12(b)(5) of the Rules of this Court because the plaintiffs filed their action more than 60 days after the Secretary published notice of the denial in the *Federal Register,* and that an untimely petition for reconsideration did not extend or toll the time allowed for filing. The Court finds that the plaintiffs' action is barred under 28 U.S.C. § 2636(d) (Supp. V 1987) and accordingly grants the motion to dismiss.

## BACKGROUND

Plaintiffs instituted this action by a letter written to the Court, dated January 29, 1989, that the Clerk of the Court deemed to constitute a summons and complaint filed on February 3, 1989. In their letter, plaintiffs allege that they had petitioned Labor for certification of eligibility for adjustment assistance benefits in a petition dated July 22, 1988. Shortly thereafter, a second group of Suttle employees also sought certification in a petition of August 1, 1988. The Secretary deemed the petitions to be duplicates.

The Secretary issued a negative determination on September 26, 1988, and published notice of the negative determination in the *Federal Register* on October 13, 1988. *From Here to Maternity et al.; Determinations Regarding Eligibility To Apply for Worker Adjustment Assistance,* 53 Fed. Reg. 40,142 (Oct. 13, 1988). Plaintiffs petitioned for redetermination on November 16, 1988, but the Secretary denied this petition because it was filed beyond the 30 day period for reconsideration under 29 C.F.R. § 90.18(a) (1988).

DISCUSSION

The plaintiffs did not file a petition for rehearing within the 30 days allowed under 29 C.F.R. § 90.18(a) (1988). Failure to apply for reconsideration within 30 days, terminates the administrative process, results in the original decision becoming the only final determination for purposes of appeal, and precludes Labor from further considering the matter. An untimely petition for reconsideration did not extend or toll the time allowed for filing.

An action contesting the denial of trade adjustment assistance must be filed in this Court within 60 days of publication of the notice of denial in the *Federal Register.* 28 U.S.C. § 2636(d) (Supp. V 1987); 29 C.F.R. § 90.19(a) (1988); *Former Employees of ITT* v. *Secretary of Labor,* 12 CIT 823, Slip Op. 88–121, at 2 (Sept. 12, 1988). The plaintiffs did not file their action within 60 days of publication in the *Federal Register.* They argue, however, that this action should not be dismissed because it was instituted within 60 days of a letter notifying them of the denial of trade adjustment assistance.

A courtesy notice of a denial of certification does not alter the 60 day period that commences with publication in the *Federal Register. Kelly* v. *Secretary, U.S. Dep't of Labor,* 812 F.2d 1378, 1380 n.3 (Fed. Cir. 1987); *Former Employees of Geosearch, Inc.* v. *United States,* 11 CIT 953, Slip Op. 87–144, at 3 (Dec. 30, 1987). The 60 day period began when Labor published notice in the *Federal Register* and expired on December 12, 1988, long before plaintiffs filed their action in February of 1989.

The Court is without power to expand the terms upon which the United States has consented to be sued, and the *pro se* status of the plaintiffs does not remove them from the general rule on constructive notice as it applies to a jurisdictional matter. *Kelly,* 812 F.2d at 1380; *Former Employees of Rocky Mountain Region Office of Terra Resources,* 13 CIT 427, Slip Op. 89–71, at 5 (May 23, 1989); *Former Employees of Geosearch,* 11 CIT at 954, Slip Op. 87–144 at 4. The action is barred under 28 U.S.C. § 2636(d) (Supp. V 1987). The motion to dismiss is granted.