800

Court No. 89–02–00109

## ON DEFENDANT'S MOTION TO DISMISS

(Dated October 10, 1989)

*Charles Holzkamper, pro se.*
*Stuart E. Schiffer,* Acting Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch (*Velta A. Melnbrencis* on the memorandum), for defendant.

RE, *Chief Judge:* This action was commenced by a letter of Charles Holzkamper, on behalf of the former employees of Billingsley Drilling Company. Holzkamper was employed by Billingsley until October 1986. Holzkamper's letter, which has been deemed a summons and complaint, challenges the Secretary of Labor's denial of certification of eligibility for benefits, for the former employees of Billingsley, the plaintiffs of record in this case, under the worker adjustment assistance program of the Trade Act of 1974. *See* 19 U.S.C. §§ 2271–2321, 2395 (1982 & Supp. 1987), *as amended by* Omnibus Trade and Competitiveness Act of 1988 Pub. L. No. 100–418, § 1421(a)(1), 102 Stat. 1107, 1242–43.

The Secretary's denial of certification was based upon the finding that plaintiffs had failed to file their petition for worker adjustment assistance within the 90 day period, provided by section 1421(a)(1)(B) of the Omnibus Trade and Competitiveness Act of 1988, for workers employed by firms engaged in exploring or drilling for oil or natural gas. The defendant moves to dismiss plaintiffs' challenge. Plaintiffs have filed no papers in opposition to the defendant's motion.

After reviewing the administrative record and the contentions of the parties, the court holds that the Secretary's denial of certification is supported by substantial evidence, and is in accordance with law. Therefore, the defendant's motion to dismiss is granted.

### DISCUSSION

In order to aid workers who suffered unemployment or economic injury due to a rise in imports, Congress enacted the Trade Act of 1974, that established the worker adjustment assistance program.

Under the program, the Secretary of Labor was authorized to certify a group of workers as eligible for assistance if:

(1) * * * a significant number or proportion of workers in such workers' firm * * * have become totally or partially separated, or are threatened to become totally or partially separated,

(2) [and] sales or production, or both, of such firm * * * have decreased absolutely, and

(3) * * * increases of imports of articles like or directly competitive with articles produced by such workers' firm * * * contributed importantly to such total or partial separation, or threat thereof, and to such decline in sales or production.

19 U.S.C. § 2272(a) (1982 & Supp. 1987), *as amended by* Omnibus Trade and Competitiveness Act of 1988, Pub. L. No. 100–418, § 1421(a)(1), 102 Stat. 1107, 1242–43. Workers are ineligible for certification if they were separated "more than one year before the date of the petition on which such certification as granted * * *." 19 U.S.C. § 2273(b)(1) (1982). A group of workers may appeal to this court from a final determination of the Secretary of Labor. *See* 19 U.S.C. § 2395(a) (1982).

In *Former Employees of Zapata Offshore Co.* v. *United States,* 11 CIT 841 (1987), a group of workers appealed from a determination of the Secretary of Labor denying their petition for certification for worker adjustment assistance. The Secretary had denied certification because the workers, who were employees of a company that drilled offshore oil wells for oil companies, did not produce an article, as required by 19 U.S.C. § 2272. *See* 11 CIT at 842. Specifically, "the Secretary found drilling of an oil well to be a service to the oil and gas industry, resulting in employees engaged in drilling to be viewed as not having 'produced' oil within the meaning of that term as used in section [2272] of [title 19]." *Id.* at 846. This court affirmed, stating that "[t]he Secretary's determination that plaintiffs are * * * ineligible for adjustment assistance is supported by substantial evidence and is according to law." *Id.* at 847.

The Omnibus Trade and Competitiveness Act of 1988, which in effect overruled the holding of *Former Employees of Zapata,* was enacted on August 23, 1988. The Act amended section 2272 of title 19, in pertinent part, by providing that "[a]ny firm * * * that engages in exploration or drilling for oil or natural gas shall be considered to be a firm producing oil or natural gas." Pub. L. No. 100–418, § 1421(a)(1)(A)(iii), 102 Stat. 1107, 1243 (1988). As the Conference Report notes, "[t]he purpose of this amendment is to facilitate the availability of benefits under the trade adjustment assistance program for workers employed by firms engaged in exploration or drilling for crude oil or natural gas." H.R. Conf. Rep. No. 576, 100th Cong., 2d Sess. 694 (1988). The Act also permitted the certification of workers employed by firms engaged in the exploration or drilling of oil or natural gas, if the certification "is made with respect to a

petition filed before the date that is 90 days after the date of enactment of this Act, and * * * shall apply to any worker whose most recent total or partial separation from the firm * * * occurs after September 30, 1985." Pub. L. No. 100–418, § 1421(a)(1)(B)(i), 102 Stat. 1107, 1243. The 90 day period expired on November 18, 1988.

Plaintiffs, former oilfield workers for Billingsley separated in October 1986, filed a petition for worker adjustment assistance with the Secretary of Labor. Although postmarked December 12, 1988, plaintiffs assert that "[t]the petition is date [sic] 10/25/88 and was mailed on the same." Plaintiffs explain the delay by stating that the petition was "lost in the mail." According to the administrative record, the petition "was received in the Office of Trade Adjustment Assistance * * * after November 18, 1988 * * *." The administrative record, however, does not indicate the precise date on which the petition was received in the Office of Trade Adjustment Assistance. The Secretary denied certification because the petition was received after the 90 day time limitation of section 1421(a)(1)(B)(i) of the Act.

Regardless of the date when the petition may have been mailed, the regulations provide that the " '[d]ate of filing' means the date on which petitions and other documents are received by the Office of Trade Adjustment Assistance, * * * United States Department of Labor * * *." 29 C.F.R. § 90.2 (1988) (emphasis in original). The evidence is clear that the petition was received after November 18, 1988, and, therefore, after the expiration of the 90 day period provided by section 1421(a)(1)(B)(i) of the Omnibus Trade and Competitiveness Act of 1988. Indeed, the petition was postmarked December 12, 1988. Hence, in determining that plaintiffs' petition was not "filed" within the 90 day statutory period, the Secretary acted pursuant to a published rule of the Department of Labor.

It is well established that "[a] reviewing court must accord substantial weight to an agency's interpretation of a statute it administers." *Kelley* v. *Secretary, United States Dep't of Labor,* 812 F.2d 1378, 1380 (Fed. Cir. 1987) (citing *Zenith Radio Corp.* v. *United States,* 437 U.S. 443, 450 (1978)). Furthermore, it is a basic principle of administrative law that " '[a] court may not substitute its own construction of a statutory provision for a reasonable interpretation made by the administrator of an agency.' " *Id.* at 1380 (quoting *Chevron U.S.A., Inc.* v. *Natural Resources Defense Council, Inc.,* 467 U.S. 837, 844 (1984)). In this case, it cannot be seriously questioned that the Secretary's interpretation of the Act is reasonable.

This court has previously denied challenges of petitions for adjustment assistance, brought by oilfield workers pursuant to section 1421 of the Omnibus Trade and Competitiveness Act of 1988, when the petitions were filed past the expiration of the 90 day period provided by section 1421(a)(1)(B) of the Act. *See Former Employees of Monroe Oil & Gas* v. *United States, Secretary of Labor,* 13 CIT 652, Slip Op. 89–112 (August 7, 1989); *Former Employees of NL Indus., Inc.* v. *United States Department of Labor,* 13 CIT 512, Slip Op.

89–88 (June 27, 1989). Accordingly, in this case, the court will not disturb the Secretary's decision.

Plaintiffs, nonetheless, assert that the petition was mailed within the statutory period, and was "lost in the mail." Plaintiffs contend that they should not be penalized for the delay in receipt of the petition, and that the petition should be "reconsider[ed]."

The court is mindful that plaintiffs are *pro se* litigants, and "that leniency with respect to mere formalities should be extended to a *pro se* party * * *." *Kelley,* 812 F.2d at 1380. As noted by the Court of Appeals for the Federal Circuit, however, "where the question is the calculation of the time limitations placed on the consent of the United States to suit, a court may not * * * take a liberal view of that jurisdictional requirement and set a different rule for *pro se* litigants only." *Id.*

### CONCLUSION

Since plaintiffs' petition was not filed within the 90 day statutory period, it is the determination of this court that the Secretary of Labor's denial of certification is supported by substantial evidence, and is in accordance with law. Accordingly, the defendant's motion is granted, and the action is dismissed.