FORMER EMPLOYEES OF FINA OIL & CHEMICAL CO., PLAINTIFFS *v.* U.S. SECRETARY OF LABOR, DEFENDANTS

Court No. 89–07–00410 and 92–12–00794

(Dated May 3, 1993)

*Paul T. Duncan, pro se* for plaintiffs.

*Stuart M. Gerson,* Assistant Attorney General, *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, *(Cynthia B. Schultz), Scott Glabman,* U.S. Department of Labor, of counsel, for defendant.

## MEMORANDUM AND ORDER

GOLDBERG, *Judge:* Defendant's motion to dismiss Court No. 92–12–00794 is granted. The court, sua sponte, vacates the judgment of dismissal issued in Court No. 89–07–00410.

## BACKGROUND

On July 10, 1989, plaintiffs Donald J. Hickombottom, Jerry F. Bowen, Jr., and Paul T. Duncan[1] filed a complaint with this court on behalf of

---

[1] Plaintiff Duncan alone filed the complaint in the second action entitled *Former Employees of Fina Oil and Chemical Company v. United States Secretary of Labor,* Court No. 92–12–00794, on behalf of the former employees.

former employees of the Fina Oil & Chemical Company. *See Former Employees of Fina Oil and Chemical Company v. United States Secretary of Labor,* Court No. 89–07–00410 ("Fina Oil I"). The complaint alleged that the United States Department of Labor ("Labor") improperly denied reconsideration of its negative determination regarding eligibility for Trade Adjustment Assistance. The denial was published in the Federal Register on May 12, 1989. *Fina Oil and Chemical Co.; Corpus Christi, TX,* 54 Fed. Reg. 20,652 (Dept Labor 1989) (Negative Application for Reconsideration Determination). Defendant duly answered the complaint on August 31, 1989. Plaintiffs Hickombottom, Bowen, and Duncan were each served with defendant's answer.

Fina Oil I was assigned to Judge Aquilino of this court on July 31, 1989. The court subsequently attempted to arrange a conference to schedule the action for disposition by communicating in writing and by telephone with plaintiff Hickombottom **alone,** on behalf of plaintiffs. However, plaintiff Hickombottom failed to respond or otherwise indicate a desire to prosecute the action. The court therefore dismissed the action on September 12, 1990.

On December 4, 1992, plaintiff Duncan filed a complaint on behalf of former employees of Fina Oil and Chemical Company in the action entitled *Former Employees of Fina Oil and Chemical Company v. United States Secretary of Labor,* Court No. 92–12– 00794 ("Fina Oil II"). In the complaint, plaintiff Duncan challenged the identical denial of eligibility for Trade Adjustment Assistance to the former employees of the Fina Oil & Chemical Company as alleged in Fina Oil I.

On December 17, 1992, defendant moved to dismiss Fina Oil II on the grounds that court lacked jurisdiction because the complaint was filed beyond 60 days from the date in which reconsideration was denied.

Plaintiff Duncan opposed defendant's motion to dismiss on the grounds that he was prevented from participating in the prosecution of Fina Oil I. Plaintiff Duncan asserts that in regard to the scheduling conference, "[o]nly one plaintiff, Mr. Hickombottom, was notified of this scheduled telephone conference * * *. I received no notification of any kind either from the defendant or Mr. Hickombottom." Plaintiff Duncan's Sur-Reply to Defendant's Reply to its Motion to Dismiss ("Sur-Reply") at 1. Moreover, despite repeated efforts by plaintiff Duncan between 1990 and 1992, he could not obtain information from plaintiff Hickombottom regarding Fina Oil I. Consequently, plaintiff Duncan explained that:

> after being promised by Mr. Hickombottom for many months to be supplied with all documents and notes he possessed, I despaired of Mr. Hickombottom supplying the information I needed to continue the case so [I] instituted an appeal on my own so that I would not be dependant on a co-plaintiff who simply is unable or unwilling to cooperate.

Sur-Reply at 2.

DISCUSSION

Title 19 of United States Code, Section 2395(a) (1988) provides that:

[a] worker, group of workers, certified or recognized union, or authorized representative of such worker or group aggrieved by a final determination of the Secretary of Labor under section 2273 of this title * * * may, within sixty days after notice of such determination, commence a civil action in the United States Court of International Trade for review of such determination.

Similarly, Labor's implementing regulations state that "[t]he party seeking judicial review must file for review in the Court of International Trade within sixty (60) days after the notice of determination has been published in the Federal Register." 29 C.F.R. 90.19(a) (1992).

In *Kelley v. Secretary, United States Dep't of Labor,* 5 Fed. Cir. (T) 87, 812 F.2d 1378 (1987), the court found that litigants proceeding pro se are not excepted from the sixty day filing limitation.

The court finds that Fina Oil II was filed on December 4, 1992, well beyond 60 days from Labor's publication in the Federal Register on May, 12, 1989 of its denial of reconsideration. Consequently, the court is constrained to grant defendant's motion to dismiss Fina Oil II.

However, USCIT R. 60(b) provides that:

upon its own initiative and upon such terms as are just, the court may relieve a party * * * from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; * * * or (6) any other reason justifying relief from the operation of the judgment.

The court determines that sufficient grounds exist to vacate the judgment of dismissal in Fina Oil I. The court emphasizes that "leniency with respect to mere formalities should be extended to a pro se party * * *." *Kelley,* 5 Fed. Cir. (T) at 89. In this case, the record shows that although plaintiff Duncan was specifically listed in the complaint on behalf of plaintiffs, neither defendant nor the court contacted him when arranging the scheduling conference. Plaintiff Duncan was also not served with a dismissal in Fina Oil I. Further, despite several attempts by plaintiff Duncan, plaintiff Hickombottom failed to notify plaintiff Duncan of the status of Fina Oil I.

The court finds, therefore, that plaintiff Duncan, a pro se litigant, reasonably attempted to ascertain the status of Fina Oil I, but was prevented from participating in its prosecution, or from learning of its dismissal.

Accordingly, upon such good cause, the court, sua sponte, sets aside the judgment of dismissal entered on September 12, 1990 in *Former Employees of Fina Oil and Chemical Company v. United States Secretary of Labor,* Court No. 89–07–00410.

## CONCLUSION

Therefore, for the reasons provided above:

IT IS HEREBY ORDERED THAT defendant's motion to dismiss the action entitled *Former Employees of Fina Oil and Chemical Company v. United States Secretary of Labor,* Court No. 92–12–00794 is granted and the action is dismissed;

IT IS FURTHER ORDERED THAT the judgment of dismissal in the action entitled *Former Employees of Fina Oil and Chemical Company United States Secretary of Labor,* Court No. 89–07–00410 is set aside;

IT IS FURTHER ORDERED THAT plaintiff Paul T. Duncan shall also be served by defendant and the court on behalf of plaintiffs with all papers and documents filed in these actions.