NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MARTA STEKELMAN, HERMAN EDELMAN,**
*Plaintiffs-Appellants*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2018-2121

---

Appeal from the United States Court of Federal Claims in No. 1:18-cv-00189-CFL, Judge Charles F. Lettow.

---

Decided: November 13, 2018

---

MARTA STEKELMAN, HERMAN EDELMAN, Neptune, NJ, pro se.

KRISTIN MCGRORY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by CLAUDIA BURKE, ROBERT EDWARD KIRSCHMAN, JR., JOSEPH H. HUNT.

---

Before NEWMAN, WALLACH, and STOLL, *Circuit Judges.*

PER CURIAM.

Appellants Dr. Marta Stekelman and her husband, Herman Edelman (together, "Appellants"), appeal an opinion and order of the U.S. Court of Federal Claims that dismissed their claim for miscalculated retirement annuity for lack of jurisdiction. *See Stekelman v. United States*, 138 Fed. Cl. 303, 306 (2018). We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3) (2012). We affirm.

BACKGROUND

The U.S. Department of Defense employed Dr. Stekelman as a medical doctor for about thirty-two years. *Stekelman*, 138 Fed. Cl. at 304.[1] Upon her retirement from service in 2010, Dr. Stekelman applied for retirement annuity benefits offered under the Federal Employees' Retirement System ("FERS") Act of 1986, as administered by the Office of Personnel Management ("OPM"). *See id.*; *see also* Pub. L. No. 99-335, 100 Stat. 514 (codified at 5 U.S.C. §§ 8401–8479 (2012)). OPM determined that Dr. Stekelman was entitled to a monthly gross annuity. *Stekelman*, 138 Fed. Cl. at 304; *see* 5 U.S.C. § 8339(a) (setting forth the computation of a federal employee's retirement annuity).

After receiving the annuity notice, Dr. Stekelman requested reconsideration by OPM of the originally calculated gross annuity, and argued that OPM failed to consider her entitlement to "[physician] comparability allowance" as additional income when calculating her monthly gross annuity. Appellee's App. 19 (Request for

---

[1] For convenience, we refer to the undisputed facts of the case as put forth by the Court of Federal Claims. *Stekelman*, 138 Fed. Cl. at 303–04. *See generally* Appellants' Br.; Appellee's Br.

Reconsideration); *see* 5 U.S.C. § 5948 (setting forth the physicians comparability allowance). OPM denied the Request for Reconsideration, affirming its initial decision that the "annuity is correctly computed." Appellee's App. 20.

Dr. Stekelman appealed this denial to the Merit Systems Protection Board ("MSPB"). *See Stekelman v. Office of Pers. Mgmt.*, 2017 WL 4367459 (M.S.P.B. Sept. 29, 2017) (Appellee's App. 25–33). The MSPB reversed OPM's denial and ordered OPM to "recalculate [Dr. Stekelman]'s annuity by including the [physician comparability allowance] in her high-[3]."[2] Appellee's App. 29; *see id.* ("OPM should first recalculate [Dr. Stekelman]'s annuity and determine the amount . . . owed for the increase in her high-[3], retroactive to her retirement date. OPM may then subtract from this amount the total of the deductions [Dr. Stekelman]'s employing agency failed to take, plus any interest that applies." (footnote omitted)). The MSPB also notified Dr. Stekelman of her right to file "a petition for enforcement" with the MSPB should she "disagree[] with OPM's new calculations, made in accordance with the [MSPB]'s final decision." *Id.*

Accordingly, in January 2018, OPM calculated a new monthly gross annuity rate, and to account for the difference in the annuity it had previously paid Dr. Stekelman, issued to her a one-time annuity lump-sum payment. Appellee's App. 23 (January 2018 OPM Letter to Dr. Stekelman). However, Dr. Stekelman immediately sent a

---

[2] A former federal employee's monthly gross annuity is based upon the employee's length of service and high-3 average salary, *see Stekelman*, 138 Fed. Cl. at 304, where a federal employee's "[h]igh-3 average salary refers to the employee's highest average actual salary during any three years of consecutive service," Appellee's App. 32 n.2.

letter to OPM arguing, inter alia, that OPM's calculations regarding the lump-sum payment were in error and that she was entitled to "interest" on the monthly annuity amounts as well as "reasonable attorney fees" for her husband, who represented her as counsel. *Id.* at 24. There is no indication in the record that OPM responded to Dr. Stekelman's letter. *See generally id.*; Appellant's App.

In February 2018, Appellants filed a complaint with the Court of Federal Claims, arguing that Dr. Stekelman was entitled to a "larger [one-time annuity] back-payment than that granted by OPM, . . . interest on the monthly gross annuity amounts," and attorney fees and costs. *Stekelman*, 138 Fed. Cl. at 305. The Court of Federal Claims dismissed the Complaint, determining that it "lacks jurisdiction over [Appellants'] retirement annuity claim," as well as any related request to award attorney fees, because "[their] dispute is centered on an issue subject to MSPB review." *Id.* at 306.

## DISCUSSION

Appellants argue that OPM "would not or could not correct" its improper retirement annuity determination, and that the Court of Federal Claims "should have understood that only the [j]udicial [s]ystem [f]or which this [c]ourt was instituted could correct the mathematical error." Appellants' Br. 1. We disagree.

### I. Standard of Review and Legal Standard

We review a dismissal by the Court of Federal Claims for lack of jurisdiction de novo. *See Todd Constr., L.P. v. United States*, 656 F.3d 1306, 1310 (Fed. Cir. 2011). When ruling on a motion to dismiss for lack of jurisdiction, the Court of Federal Claims "must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc., v. United States,* 659 F.3d 1159,

1163 (Fed. Cir. 2011) (citation omitted). "[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). The "leniency" afforded pro se litigants "with respect to mere formalities" does not extend to circumstances involving "jurisdictional requirement[s]," *Kelley v. Sec'y, U.S. Dep't of Labor,* 812 F.2d 1378, 1380 (Fed. Cir. 1987), and in any case, where a party is seeking attorney's fees, it would ill behoove that party to claim unfamiliarity with governing rules.

By statute, the authority to decide a FERS application in the first instance and adjudicate all claims arising under that retirement system rests with OPM. *See* 5 U.S.C. § 8461(c) ("[OPM] shall adjudicate all claims under the provisions of this chapter administered by [OPM]."); *see also Anthony v. Office of Pers. Mgmt.*, 58 F.3d 620, 626 (Fed. Cir. 1995) ("Congress enacted the FERS scheme, including OPM administration of that scheme under § 8461 . . . ."). OPM's regulations set forth the process by which a party can seek reconsideration or an appeal following OPM's initial decision. *See* 5 C.F.R. §§ 841.305–306, 841.308. The MSPB has jurisdiction over "an administrative action or order affecting the rights or interests of an individual . . . under [the FERS as] administered by [OPM]." 5 U.S.C. § 8461(e)(1); *see Miller v. Office of Pers. Mgmt.*, 449 F.3d 1374, 1377 (Fed. Cir. 2006) (stating that the MPSB has statutory jurisdiction over OPM's administration of FERS); *see also* 5 C.F.R. § 841.308 ("[A]n individual whose rights or interests under FERS are affected by a final decision of OPM may request MSPB to review the decision . . . .").

## II. The Court of Federal Claims Lacked Subject Matter Jurisdiction over Appellants' Complaint

Appellants' claims lie within the jurisdiction of the MSPB, rather than the Court of Federal Claims. Appel-

lants appealed OPM's alleged miscalculation of Dr. Stekelman's annuity back-payment to the Court of Federal Claims, and not the MSPB. *See Stekelman*, 138 Fed. Cl. at 304. We find no authority from Congress or otherwise granting the Court of Federal Claims jurisdiction for "adjudicating disputes over retirement annuities and benefits" when the underlying dispute rests on personnel action subject to MSPB review. *See El v. United States*, 730 F. App'x 928, 929 (Fed. Cir. 2018) (holding the Court of Federal Claims lacks subject matter jurisdiction over appellant's claim that OPM incorrectly calculated his annuity); *Miller*, 449 F.3d at 1377 (holding the MSPB lacked jurisdiction over appellant's challenge to retroactive annuity payments because appellant was challenging OPM's administration of the Federal Employees' Group Life Insurance Act, and not of FERS, and therefore statutory "jurisdiction to review the overpayment determination lay in the district court or the Court of Federal Claims, but not in the [MSPB]"). Appellants' requested relief is for an issue subject to MSPB review because they seek correction of the most recent calculation by OPM of Dr. Stekelman's gross retirement annuity. *See* Appellants' Br. 1 (requesting that we reverse the Court of Federal Claims and instruct that it "correct [OPM's] mathematical error"); Appellee's App. 23 (providing OPM's re-computation in 2018 of Dr. Stekelman's "high-3" average salary and outlining the impact of such recalculation upon her annuity rate). We conclude that Appellants' dispute is properly characterized as one founded on administration of annuity under FERS, and therefore the Court of Federal Claims was correct in holding that jurisdiction to review any potential miscalculation by OPM lies with the MSPB, and not the Court of Federal Claims. *See* 5 U.S.C. § 8461(e)(1); *Miller*, 449 F.3d at 1377.

Appellants are not without remedy. Our decision today does not preclude Appellants from petitioning the

MSPB for enforcement of the MSPB's determination. Pursuant to 5 U.S.C. § 1204(a)(2), the MSPB has the authority to "order any Federal agency or employee to comply with any order or decision issued by the [MSPB] under [its jurisdiction] and enforce compliance with any such order." Here, the MSPB's determination included a notice of its enforcement authority. *See, e.g.*, Appellee's App. 29 ("If, after the agency has informed you that it has fully complied with this decision, you believe that there has not been full compliance, you may ask the [MSPB] to enforce its decision by filing a petition for enforcement with this office, describing specifically the reasons why you believe there is noncompliance.").[3]

## CONCLUSION

We have considered Appellants' remaining arguments and conclude that they are without merit. For the reasons stated above, the Court of Federal Claims' Opinion and Order is

## **AFFIRMED**

## COSTS

No costs.

---

[3]    Although the thirty-day deadline for the Appellants to file a petition for enforcement with the MSPB has elapsed, *see* Appellee's App. 30; 5 C.F.R. § 1201.182(a) (setting forth that a petition for enforcement, such as seeking enforcement of the MSPB's original decision remanding to OPM to recalculate annuity, must be filed within thirty days of the MSPB's decision), the MSPB issued a notice indicating that, if the Appellants' "petition is filed late, [they] should include a statement and evidence showing good cause for the delay and a request for an extension of time for filing [the petition for enforcement]," Appellee's App. 30.