NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DERRICK MICHAEL ALLEN, SR.,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2020-2143

---

Appeal from the United States Court of Federal Claims in No. 1:20-cv-00792-VJW, Senior Judge Victor J. Wolski.

---

Decided: January 20, 2022

---

DERRICK MICHAEL ALLEN, SR., Raleigh, NC, pro se.

JOSHUA E. KURLAND, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BRIAN M. BOYNTON, TARA K. HOGAN, ROBERT EDWARD KIRSCHMAN, JR.

---

Before LOURIE, HUGHES, and STOLL, *Circuit Judges.*

PER CURIAM.

Derrick Michael Allen, Sr. appeals a decision of the United States Court of Federal Claims dismissing his complaint for lack of jurisdiction. Because Mr. Allen's claims are outside the scope of the Court of Federal Claims' jurisdiction, we affirm.

I

Mr. Allen filed several lawsuits in the United States District Court for the Middle District of North Carolina. After many of those suits were dismissed, Mr. Allen filed this suit in the Court of Federal Claims. He sought $400 in compensation for the filing fee associated with one of his North Carolina lawsuits and $250,000 for "postage, copying fees, and certified mail (return receipts)," expenses he allegedly incurred in connection with the suits. SAppx13.[1] He challenged the district court's dismissals, contending that he had alleged sufficient facts in those actions. He further argued that such dismissals constitute "intentional disregard for the rights" he has under the U.S. Constitution—specifically, a due process right to commence lawsuits. SAppx10. Relatedly, Mr. Allen appeared to assert that the dismissals were deficient because they use legal reasoning from unpublished opinions, which he argues "are not legal precedent." SAppx11. He maintained that his cases were properly pled under the federal question and diversity jurisdiction statutes, 28 U.S.C. §§ 1331 and 1332. Finally, Mr. Allen appeared to challenge the district court's decision to imprison him for unlawful possession of a firearm as a felon, arguing that he was never a felon.

The Court of Federal Claims dismissed Mr. Allen's complaint sua sponte, holding that he had failed to raise a claim within the court's jurisdiction. *Allen v. United States*,

---

[1]    SAppx refers to the supplemental appendix attached to the Appellee's brief.

No. 20-792C, 2020 WL 4188172, at *3 (Fed. Cl. July 21, 2020). Mr. Allen appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## II

We review the Court of Federal Claims' dismissal for lack of subject matter jurisdiction de novo. *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). Mr. Allen, as the plaintiff, bears the burden of establishing jurisdiction by a preponderance of the evidence. *Brandt v. United States*, 710 F.3d 1369, 1373 (Fed. Cir. 2013). Although we give pro se plaintiffs more latitude in their pleadings than parties represented by counsel, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), such leniency does not relieve them of jurisdictional requirements, *Kelley v. Sec'y, U.S. Dep't of Lab.*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

The Tucker Act, the source of the Court of Federal Claims' jurisdiction, limits jurisdiction to "claims for money damages against the United States." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc) (citing 28 U.S.C. § 1491). The Tucker Act alone does not supply an independent source of action; a plaintiff "must identify a separate source of substantive law that creates the right to money damages." *Id.* "[T]he absence of a money-mandating source [is] fatal to the court's jurisdiction under the Tucker Act." *Id.* at 1173. The Court of Federal Claims also lacks jurisdiction to review decisions of the federal district courts. *Shinnecock Indian Nation v. United States*, 782 F.3d 1345, 1352 (Fed. Cir. 2015).

The Court of Federal Claims correctly concluded that it lacked jurisdiction over Mr. Allen's claims. The only substantive federal law that Mr. Allen appeared to cite as a basis for relief is the Fifth Amendment's Due Process Clause. SAppx10. But it is well-settled that this provision "do[es] not mandate the payment of money and thus do[es] not provide a cause of action under the Tucker Act." *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013).

To the extent Mr. Allen challenges the district court's disposition of his previous cases, that is also not a matter within the Court of Federal Claims' jurisdiction. *Shinnecock*, 782 F.3d at 1352. The federal question and diversity jurisdiction statutes that Mr. Allen cites, 28 U.S.C. §§ 1331 and 1332, concern the jurisdiction of the district courts, not the Court of Federal Claims. *See, e.g.*, *Curry v. United States*, 787 F. App'x 720, 722 (Fed. Cir. 2019). The district court's decisions can only be appealed to the immediate appellate court that oversees the District Court for the Middle District of North Carolina, the U.S. Court of Appeals for the Fourth Circuit. *See* 28 U.S.C. §§ 41, 1291, 1294(1).

In this appeal, Mr. Allen appears to argue that the Court of Federal Claims should have considered his compensation claims and cites 42 U.S.C. § 1988 and the Equal Protection Clause of the Fourteenth Amendment. Appellant's Br., Item 4. But neither of these provisions is a money-mandating source of substantive law. Congress has expressly committed jurisdiction over claims brought under civil rights statutes, like 42 U.S.C. § 1981 et seq., to the United States district courts. *See* 28 U.S.C. § 1343(a)(4). And it is well-established that the Equal Protection Clause of the Fourteenth Amendment is not a sufficient basis for Tucker Act jurisdiction because it is not money-mandating. *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995).

Finally, Mr. Allen argues that it was error for the Court of Federal Claims to dismiss his complaint sua sponte before the government filed a response. Appellant Br., Item 2. But under Rule 12(h)(3) of the Rules of the Court of Federal Claims, "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." The Court of Federal Claims correctly determined that it lacked jurisdiction and dismissed accordingly.

ALLEN v. US                                                          5

## III

Because Mr. Allen's claims are outside the jurisdiction of the Court of Federal Claims, we affirm.

**AFFIRMED**

COSTS

No costs.