# In the United States Court of Federal Claims

No. 21-2330C
(Filed: February 1, 2022)

* * * * * * * * * * * * * * * * * * * * * * * * *

MIN JEONG KIM,

          *Plaintiff*,

v.

THE UNITED STATES,

          *Defendant.*

* * * * * * * * * * * * * * * * * * * * * * * * *

## ORDER

Plaintiff, appearing *pro se*, filed her complaint on December 27, 2021. Plaintiff's complaint states that she is "requesting USCIS [United States Citizenship and Immigration Services] to take responsibility for my case." Compl. at 2. Defendant filed a motion to dismiss plaintiff's complaint for lack of jurisdiction pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"). Plaintiff filed her response on January 27, 2022. Oral argument is deemed unnecessary. For the reasons given below, we grant defendant's motion to dismiss for lack of jurisdiction.

Under RCFC 12(b)(1), "a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed Cir. 2011) (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)). Once determining it lacks subject matter jurisdiction, however, the court must dismiss the action.

We agree with defendant that plaintiff's complaint must be dismissed for lack of jurisdiction. The complaint references a United States Citizenship and Immigration Services ("USCIS") case number and asks "USCIS to take responsib[ility] for my case." Compl. at 2. No other details are provided. The only statement addressing jurisdiction is that "USCIS is a governmental

agency." [1]  *Id*. at 1.  The complaint fails to allege any claim for damages, a requirement to establish jurisdiction under the Tucker Act.  *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc) ("a plaintiff must identify a separate source of substantive law that creates the right to money damages.").  Even *pro se* plaintiffs have the burden of establishing the Court's jurisdiction.  *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).  Plaintiff has failed to meet this threshold.  Thus, dismissal is appropriate.

CONCLUSION

Because we conclude that plaintiff's complaint is not within the subject matter jurisdiction of the court, we grant defendant's motion to dismiss the complaint pursuant to RCFC 12(b)(1).  The Clerk of Court is directed to enter judgment for defendant.  No costs.

s/Eric G. Bruggink
ERIC G. BRUGGINK
Senior Judge

---

[1] Plaintiff's response to the government's motion to dismiss does not furnish an additional statement addressing jurisdiction.