NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOHN D. HORTON,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2022-1158

---

Appeal from the United States Court of Federal Claims in No. 1:20-cv-01520-DAT, Judge David A. Tapp.

---

Decided:  April 5, 2022

---

JOHN D. HORTON, Lawton, OK, pro se.

MARGARET JANTZEN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by BRIAN M. BOYNTON, DEBORAH ANN BYNUM, PATRICIA M. MCCARTHY.

---

Before CHEN, SCHALL, and STOLL, *Circuit Judges*.

PER CURIAM.

John Horton appeals from the United States Court of Federal Claims' summary judgment denying Mr. Horton's claim to relief from the debt collected from him by the United States. For the below reasons, we affirm.

## BACKGROUND

Mr. Horton was employed by the United States Department of Defense until 2003. During his final pay period, the Department of Defense improperly paid Mr. Horton for several hours that should have been considered leave without pay or for hours that extended beyond his separation date. Twelve years later, in 2015, the Defense Finance Accounting Service (DFAS) sent Mr. Horton a letter informing him of the overpayment and stating that he owed the government $566.68. Mr. Horton did not respond to this letter. In 2016, DFAS turned the debt over to the United States Department of Treasury (Treasury) for collection.

In 2019, Coast Professional, Inc., a service provider for the Treasury, sent Mr. Horton a letter informing him of its intent to collect the debt. Later that year, Coast Professional sent another letter stating the Treasury intended to begin wage garnishment proceedings. That letter informed Mr. Horton that he could request a hearing on the validity of the debt. Mr. Horton did not respond to these letters or request a hearing. In December 2019, the Treasury issued a wage garnishment order to Mr. Horton's employer. Mr. Horton's wages were then garnished to satisfy the debt.

Mr. Horton brought suit in the Court of Federal Claims, alleging that "the US federal government, acting through the US Dept. of Education . . . or some other unknown federal government entity" improperly garnished

his wages. SAppx. 4–6.[1] Mr. Horton alleged that he did not owe a federal debt and that the government's collection actions "were unlawful and all money wrongfully taken from [Mr. Horton] should be refunded." SAppx. 5. The Court of Federal Claims interpreted Mr. Horton's complaint as alleging an illegal exaction claim. SAppx. 1–3; *Horton v. United States*, No. 20-1520, 2021 WL 4988036 (Fed. Cl. Oct. 27, 2021).

The government moved for summary judgment.[2] Because Mr. Horton did not identify any contrary facts, the court found there were no material facts in dispute. The court further noted that Mr. Horton had not identified any statute, regulation, or other authority that the government allegedly violated in collecting the debt. Continuing, the trial court found that "[w]age garnishments are authorized

---

[1]    Citations to "SAppx." refer to the Appendix attached to the appellee's brief.

[2]    Mr. Horton did not file a timely response to the government's motion for summary judgment. After the court's judgment on that motion was entered, Mr. Horton belatedly filed a response. *See* SAppx. 13–14; Order, *Horton v. United States*, No. 1:20-cv-01520-DAT (Fed. Cl. Nov. 4, 2021), ECF No. 29. In consideration of "the leniency afforded to pro se plaintiffs," the trial court considered Mr. Horton's response, but determined that nothing in Mr. Horton's response compelled it to grant Mr. Horton relief or reconsider its summary judgment determination. SAppx. 14. Similarly considering the leniency given to parties proceeding pro se, we understand Mr. Horton to be challenging both the court's original summary judgment determination and its order declining to reconsider that determination. *See Kelley v. Sec'y, U.S. Dep't of Lab.*, 812 F.2d 1378, 1380 (Fed. Cir. 1987) ("[L]eniency with respect to mere formalities should be extended to a *pro se* party.").

means of collecting debts"; "DFAS properly notified
Mr. Horton of the overpayment and demand for repay-
ment"; and the "Treasury followed the procedures outlined"
in the applicable debt collection statutes. SAppx. 2–3. Fur-
ther, while acknowledging that Mr. Horton was "under-
standably surprised by the United States' delay in
collecting a debt that dates back nearly two decades," the
court explained that there is no statute of limitations ap-
plicable to administrative wage garnishments. SAppx. 3.
The trial court thus granted the government's motion, de-
termining that Mr. Horton's illegal exaction claim failed as
a matter of law because his debt "was valid, legally estab-
lished, and collected in accordance with applicable law."
SAppx. 3.

Mr. Horton appeals.    We have jurisdiction under
28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review de novo the grant of summary judgment by
the Court of Federal Claims. *Cal. Fed. Bank, FSB
v. United States*, 245 F.3d 1342, 1346 (Fed. Cir. 2001). We
reapply the same summary judgment standard as the trial
court. *Palahnuk v. United States*, 475 F.3d 1380, 1382
(Fed. Cir. 2007). Under the standard applied by the Court
of Federal Claims, summary judgment is appropriate if the
movant, here the government, "shows that there is no gen-
uine dispute as to any material fact" and that it "is entitled
to judgment as a matter of law." R. Ct. Fed. Cl. 56(a). For
the reasons below, we affirm the trial court's summary
judgment.

On appeal, Mr. Horton argues that: (1) the Treasury
did not meet the statutory notice requirements for wage
garnishments because it sent notice to Mr. Horton's former
address; (2) the garnishment notice was defective because
it "referred to a 'US Department of Education' debt and not
to a 'US Department of Defense' debt"; (3) Mr. Horton's ear-
lier bankruptcy proceedings preclude collection of the debt

at issue; (4) the garnishment is barred by the statute of limitations; and (5) the government committed an illegal exaction. We take each argument in turn.

We begin with Mr. Horton's assertion that the Treasury failed to meet statutory notice requirements for debt collection because its first letter to Mr. Horton was sent to "a residential address which [he] had not lived at since 2011." Appellant's Br. 4. The relevant statute, however, only requires that written notice be "sent by mail to the individual's last known address." 31 U.S.C. § 3720D(b)(2); *see also* 31 C.F.R. § 285.11(e)(1) (notices of wage garnishment shall be sent "to the debtor's last known address"). Mr. Horton has not alleged or provided evidence that he provided an updated address to his former employer or that the Treasury was otherwise aware of a different mailing address. Because Mr. Horton has presented no evidence to this effect, he thus has not shown that there is a material issue of fact to preclude summary judgment.

We turn next to Mr. Horton's argument that the garnishment notice was defective, and thus unenforceable, because it "referred to a 'US Department of Education' debt and not to a 'US Department of Defense' debt." Appellant's Br. 4–5, 11 (citing § 3720D(b)(2)). As explained in the statutory section Mr. Horton cites, "the head of the executive, judicial, or legislative agency" must mail a proper wage garnishment notice to the debtor informing him, among other things, of "the nature and amount of the debt to be collected." § 3720(D)(b)(2). Mr. Horton argues that because the notices mailed to him stated "that a student loan debt was owed to the Department of Education," they did not come "from the head of the" appropriate agency nor adequately inform him of "the nature . . . of the debt" and are thus invalid. Appellant's Br. 4–5, 11, 16.

Each of the communications sent to Mr. Horton, however, correctly states that the debt is owed to the Department of Defense or DFAS. SAppx. 15–18 (initial demand

letter from DFAS describing the debt as originating from "corrections to time and attendance"); SAppx. 20 (notice from Coast Professional referring to Mr. Horton's "outstanding delinquent federal obligation on behalf of [the] Department of Defense"); SAppx. 22 (same). There is no mention of the Department of Education or a student loan in any of the letters or notices sent to Mr. Horton regarding this debt. Because Mr. Horton has not presented evidence that the wage garnishment notices were facially defective, he has not shown that there is a material issue of fact to preclude summary judgment.

Next, we consider Mr. Horton's argument that his earlier bankruptcy proceedings prevent the collection of the debt at issue. Appellant's Br. 16–17. Mr. Horton alleges that he discharged certain student loans in a 1996 bankruptcy proceeding and thus the government cannot now seek to collect on those loans. *Id.* The debt at issue, however, is not a student loan. As mentioned above, each of the communications sent to Mr. Horton correctly identify the debt as owed to the Department of Defense. *See* SAppx. 15–18, 20, 22. Mr. Horton has not presented any evidence that the government is attempting to collect a discharged student loan. Accordingly, Mr. Horton has not shown there is a material issue of fact precluding summary judgment.

We now turn to Mr. Horton's argument that the government's wage garnishment is barred by a statute of limitations. Appellant's Br. 17, 21–28. As the trial court correctly explained, "Congress did not establish a statute of limitations applicable to administrative wage garnishments." SAppx. 3 (first citing 31 U.S.C. § 3720; and then citing 31 CFR § 285.11(d)) ("Whenever an agency determines that a delinquent debt is owed by an individual, the agency may initiate proceedings administratively to garnish the wages of the delinquent debtor."). Here, too, Mr. Horton has not shown there is a material issue of fact.

Finally, we turn to Mr. Horton's argument that the government committed an illegal exaction by garnishing his wages. Appellant's Br. 17–18. An illegal exaction claim arises where money is improperly "exacted[] or taken from the claimant in contravention of the Constitution, a statute, or a regulation." *Norman v. United States*, 429 F.3d 1081, 1095 (Fed. Cir. 2005). To properly plead an illegal exaction claim, a plaintiff must seek to recover money the government required him to pay "contrary to law." *Aerolineas Argentinas v. United States*, 77 F.3d 1564, 1572 (Fed. Cir. 1996). Here, Mr. Horton has not shown that the government collected the debt at issue in contravention of any statute, regulation, or other authority. As the trial court explained, "DFAS properly notified Mr. Horton of the overpayment and demand for repayment." SAppx. 2. The Treasury subsequently "followed the procedures outlined [by statute] by explaining the nature and amount of the debt and giving" Mr. Horton an opportunity "to pay the debt[] or contest its validity." SAppx. 2–3. When Mr. Horton did not respond to these notices, the Treasury "issued a Wage Garnishment Order that adhered to the limits established" by statute. SAppx. 3. Put simply, as the trial court determined, Mr. Horton has not shown that the government has violated any authority in collecting this debt. SAppx. 3. Mr. Horton's illegal exaction claim accordingly fails as a matter of law and summary judgment denying this claim was properly granted.

We have considered Mr. Horton's remaining arguments and find them unpersuasive.

## CONCLUSION

For the above reasons, we affirm the judgment of the Court of Federal Claims.

## **AFFIRMED**

## COSTS

No costs.