NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**GREGORY JOSEPH PODLUCKY,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

_____

2021-2226

_____

Appeal from the United States Court of Federal Claims in No. 1:21-cv-01377-PEC, Judge Patricia E. Campbell-Smith.

_____

Decided: June 2, 2022

_____

GREGORY JOSEPH PODLUCKY, Colorado Springs, CO, pro se.

CHRISTOPHER L. HARLOW, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BRIAN M. BOYNTON, MARTIN F. HOCKEY, JR., LOREN MISHA PREHEIM.

_____

Before MOORE, *Chief Judge*, NEWMAN and HUGHES, *Circuit Judges*.

PER CURIAM.

Gregory Joseph Podlucky appeals a decision of the United States Court of Federal Claims dismissing his complaint for lack of subject matter jurisdiction. Because Mr. Podlucky's claims fall outside the scope of the Court of Federal Claims' jurisdiction, we affirm.

I

In 2009, Mr. Podlucky was charged with various fraud-based offenses stemming from his management of LeNature's, Inc., a beverage company. Mem. Op. at 1, *United States v. Podlucky*, No. 2:09-cr-278 (W.D. Pa. Mar. 24, 2021), ECF No. 151 (*W.D. Pa. Decision*). During the investigation of those matters, the government seized various pieces of jewelry. In 2011, Mr. Podlucky entered into a plea agreement with the government and pled guilty to several charges. He was sentenced by the United States District Court for the Western District of Pennsylvania. Following his guilty plea, Mr. Podlucky filed several requests for collateral relief in his criminal cases, including a claim that his plea agreement required the government to return certain pieces of jewelry it had seized. The district court disagreed with Mr. Podlucky's interpretation of the plea agreement, ruling that there had been no "meeting of the minds between [Mr. Podlucky] and the [g]overnment as to the pieces to be returned." *Id.* at 10.

Mr. Podlucky then filed this suit in the Court of Federal Claims, again seeking the return of the jewelry. He again alleged that, as part of his plea agreement, the government agreed to return to him some of the seized items. Mr. Podlucky requested that the Court of Federal Claims direct the government to return the seized items, or alternatively, "[i]f the [items] are not available for said returning then the cost basis of $4,809,894 of the [items] as stated

herein be ordered for tendering to [Mr. Podlucky]." Appellant's Br. at 47.[1]

The Court of Federal Claims dismissed Mr. Podlucky's complaint, holding that none of his claims were within its jurisdiction. *Podlucky v. United States*, No. 21-1377C, 2021 WL 2627130, at *3 (Fed. Cl. June 25, 2021). Mr. Podlucky appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## II

We review the Court of Federal Claims' dismissal for lack of subject matter jurisdiction de novo. *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). As the plaintiff, Mr. Podlucky bears the burden of establishing jurisdiction by a preponderance of the evidence. *Brandt v. United States*, 710 F.3d 1369, 1373 (Fed. Cir. 2013). Although we give pro se plaintiffs more latitude in their pleadings than parties represented by counsel, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), such leniency does not relieve them of jurisdictional requirements, *Kelley v. Sec'y, U.S. Dep't of Lab.*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

The Tucker Act, codified at 28 U.S.C. § 1491, limits the Court of Federal Claims' jurisdiction to "claims for money damages against the United States." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005). The Tucker Act alone does not supply an independent source of action; "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Id.* "[T]he absence of a money-mandating source [is] fatal to the court's jurisdiction under the Tucker Act." *Id.* at 1173.

---

[1]    "Appellant's Br. at __" refers to pages in Mr. Podlucky's combined informal brief and appendix, Informal Brief of Appellant, *Podlucky v. United States*, No. 21-2226 (Fed. Cir. Sept. 30, 2021), ECF No. 8.

The Court of Federal Claims may hear a claim for an "alleged breach of an agreement with a criminal defendant . . . only if the agreement clearly and unmistakably subjects the United States to monetary liability for any breach." *Sanders v. United States*, 252 F.3d 1329, 1331 (Fed. Cir. 2001). While "[i]t [is] possible to make a binding contract subject to Tucker Act jurisdiction, creating a liability for breach of a plea bargaining agreement[,] . . . such liability should not be implied, and could exist only if there was an unmistakable promise to subject the United States to monetary liability." *Id.* at 1336. This further requires that "the prosecutors had authority to enter into such an agreement." *Id.* Mr. Podlucky's plea agreement lacks the "unmistakable promise" required to subject the United States to monetary liability because, as the District Court for the Western District of Pennsylvania has already concluded, there was no "meeting of the minds" between the government and Mr. Podlucky as to what jewelry was to be returned. *W.D. Pa. Decision* at 10. Without monetary liability, the Court of Federal Claims has no jurisdiction over Mr. Podlucky's claims.

The appropriate forum for Mr. Podlucky's claims regarding the alleged breach of his plea agreement was the United States District Court for the Western District of Pennsylvania, as "the Supreme Court has made clear that claims for breach of plea agreements and other agreements unique to the criminal justice system should be brought in the courts in which they were negotiated and executed." *Sanders*, 252 F.3d at 1336 (citing *Santobello v. New York*, 404 U.S. 257, 263 (1971)). Mr. Podlucky correctly brought these claims before that district court, and the district court considered and rejected them, "finding, as a matter of law, that the parties had not entered into an enforceable agreement as to the return of any jewelry." *W.D. Pa. Decision* at 10. Mr. Podlucky appealed that decision, and the Third Circuit dismissed his appeal. *United States v.*

*Podlucky*, No. 21-2015, 2021 WL 5860751, at *1 (3d Cir. Aug. 24, 2021).

### III

Because Mr. Podlucky's claims are outside the jurisdiction of the Court of Federal Claims, we affirm.

### **AFFIRMED**

No costs.