NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**KAREN WALLER,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2019-1459

---

Appeal from the United States Court of Federal Claims in No. 1:18-cv-01227-VJW, Judge Victor J. Wolski.

---

Decided: May 8, 2019

---

KAREN WALLER, Irvington, NJ, pro se.

ERIC JOHN SINGLEY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by JOSEPH H. HUNT, ELIZABETH MARIE HOSFORD, ROBERT EDWARD KIRSCHMAN, JR.

---

Before DYK, REYNA, and WALLACH, *Circuit Judges.*

PER CURIAM.

Karen Waller, proceeding *pro se*, appeals the decision of the United States Court of Federal Claims dismissing her complaint for lack of subject-matter jurisdiction. For the reasons discussed below, we *affirm*.

## BACKGROUND

On August 14, 2018, Ms. Waller filed a complaint in the United States Court of Federal Claims ("CFC") seeking compensation for the theft or loss of her seventy domain names on GoDaddy.com. The Government filed a 12(b)(6) motion to dismiss for lack of subject-matter jurisdiction, arguing that Ms. Waller did not identify any connection between the federal government and the alleged theft of her domain names. Ms. Waller replied that she made attempts to recover her products by contacting the Federal Trade Commission ("FTC") and the Federal Communications Commission ("FCC"). Ms. Waller asserted that her efforts to contact the FTC and FCC created jurisdiction. Because Ms. Waller did not claim that the federal government was responsible for the theft of her domain names, the CFC granted the Government's motion and dismissed the complaint for lack of subject-matter jurisdiction.

Ms. Waller appeals. She alleges that the government was "negligent for using [her] (GoDaddy)/Domain Names on the Public Government Websites" and seeks monetary damages for the mental anguish she suffered as a result. She also contends that the FCC, FTC, and Securities Exchange Commission ("SEC") failed to protect her from GoDaddy.com's theft. We have jurisdiction pursuant to 28 U.S.C § 1295(a)(3).

## DISCUSSION

This court reviews the CFC's dismissal for lack of subject-matter jurisdiction de novo. *Adair v. United States*, 497 F.3d 1244, 1250 (Fed. Cir. 2007). In assessing jurisdiction, we accept as true all factual allegations asserted in

the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff. *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). While we afford pro se plaintiffs greater leniency when reviewing their pleadings, their complaints must nonetheless meet the jurisdictional requirements of a court. *See Kelley v. Sec'y, U.S. Dep't of Labor,* 812 F.2d 1378, 1380 (Fed. Cir. 1987).

The Tucker Act grants the CFC jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act alone does not create a "substantive cause of action," and "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Jan's Helicopter Serv. v. FAA*, 525 F.3d 1299, 1306 (Fed. Cir. 2008) (quoting *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part)). If the CFC finds that it lacks subject matter jurisdiction, it must dismiss the action. RCFC 12(h)(3); *see Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004).

The CFC properly dismissed Ms. Waller's complaint for lack of jurisdiction because she failed to assert a valid claim against the federal government. Ms. Waller did not identify any federal agency responsible for the alleged theft. Nor did she contend that the FCC, FTC, or any other federal government agency, were involved in the alleged taking.

At best, Ms. Waller argues that the FTC, FCC, and SEC failed to assist her in the recovery of her property. But she does not identify any contract, statute, or duty obligating the federal government or its agencies to assist in the recovery of her domain names. *Cf. United States v. Mitchell,* 463 U.S. 206, 224–26 (1983) (determining that

when the government assumed responsibility to manage private land, it created a fiduciary duty that provided sufficient basis to sue under the Tucker Act). Ms. Waller argues that documents she submitted to the CFC are relevant to the jurisdictional analysis, but these documents are not before us. Because we are unable to identify any substantive right requiring the federal government to assist Ms. Waller in recovering her domain names, we agree that the CFC does not have jurisdiction over Ms. Waller's complaint.

On appeal, Ms. Waller accuses the Government of negligence for using her domain names on government websites. Negligence is a tort, and torts are explicitly excluded from the CFC's jurisdiction. 28 U.S.C. § 1491(a)(1); *see Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008). Therefore, Ms. Waller's claim of negligence does not create jurisdiction in the CFC. Moreover, the complaint and attachments contain no allegation that the Government misappropriated her domain names.

Based on the record before us, we hold that the CFC lacks subject-matter jurisdiction over Ms. Waller's complaint. Accordingly, we affirm.

**AFFIRMED**

COSTS

No costs.