NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MICHAEL HARVEY,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2020-2279

---

Appeal from the United States Court of Federal Claims in No. 1:20-cv-00229-MBH, Senior Judge Marian Blank Horn.

---

Decided:  February 3, 2021

---

MICHAEL HARVEY, Zachary, LA, pro se.

RETA EMMA BEZAK, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by JEFFREY B. CLARK, ROBERT EDWARD KIRSCHMAN, JR., FRANKLIN E. WHITE, JR.

---

Before O'MALLEY, CLEVENGER, and TARANTO, *Circuit Judges*.

PER CURIAM.

Michael Harvey appeals a judgment of the United States Court of Federal Claims ("Claims Court") dismissing his complaint for lack of jurisdiction and failure to state a claim. *See Harvey v. United States*, 149 Fed. Cl. 751 (2020). For the reasons discussed below, we *affirm*.

## I. BACKGROUND

In July 2019, Harvey drafted a document captioned "Acceptance of the Corporate Offer to Contract With Full Immunity and Without Recourse." S.A. 103. The document contains an amalgamation of allegations related to Harvey's rights and liabilities as a U.S. citizen. More specifically, in the document, Harvey claims that he is no longer a citizen of the United States and has suffered harms against his person by being treated as a citizen even though he is not. It also contains an arbitration clause, S.A. 161–65, and purports to be self-executing such that a failure to respond to the document constitutes "tacit acquiescence" to all facts raised in this "binding [and] irrevocable contractual agreement." S.A. 160–61. Harvey claims to have mailed this document to several named parties, including the United States Attorney General, the Internal Revenue Service, the Louisiana Attorney General, the Commissioner of the Louisiana Division of Administration, and Hancock Whitney Bank. S.A. 31, 103. Harvey's is the only signature that appears on the face of the document.

Harvey then promptly sought arbitration. An arbitration hearing was held on August 12, 2019 with an arbitrator from Sitcomm Arbitration Association.[1] Harvey claims

---

[1]   As the Claims Court noted, numerous federal courts have expressed serious concerns regarding Sitcomm

that the arbitrator awarded $5,158,667.43 in damages for breach of contract and $54,252,793.54 in additional penalties for each day since the "default of infraction," S.A. 36–37, 53, and concluded that Harvey and the named parties had entered into a legally binding contractual relationship without fraud or inducement of contract. On August 30, 2019, Harvey sent demand letters to the defendants seeking to enforce the award.

When the parties did not respond to his request, Harvey filed suit in the Claims Court on February 27, 2020. The complaint requests that the court enforce the arbitration award against the alleged parties—now defendants—for breach of contract and requests damages for a wide variety of other claims, including violation of copyright, unauthorized withholding of revenue, refusal to withdraw federal tax liens, violation of injunction, and breach of fiduciary duty, for a total of $59,411,460.97. It also requests the removal of federal tax lien notices and correction of his political status and nationality from American to Louisianan, among other demands.

The government filed a motion to dismiss the case, which the Claims Court granted on August 20, 2020. It found that Harvey's complaint raised certain claims that are outside the court's jurisdiction and, as to the remaining

---

Arbitration Association. *See, e.g.*, *Schlihs v. United States*, 146 Fed. Cl. 495, 497 n.1 (describing the recurring "tarradiddle and lack of clarity" in Sitcomm's decisions); *PennyMac Loan Servs., LLC v. Sitcomm Arb. Ass'n*, No. 2:19-CV-193-KS-MTP, 2020 WL 1469458, at *1–2 (S.D. Miss. Mar. 26, 2020) (noting claims that "Sitcomm is a sham arbitration organization that uses the guise of legitimacy to market itself as an authorized and legitimate arbitration company . . . . [and] issues fake exorbitant final arbitration awards against various entities, despite no arbitration hearing having ever been held").

allegations, failed to state a claim upon which relief could be granted.

Harvey timely appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## II. DISCUSSION

We review legal questions, such as whether a party has failed to state a claim or whether the Claims Court possesses jurisdiction over a claim, de novo. *Frankel v. United States*, 842 F.3d 1246, 1249 (Fed. Cir. 2016); *Biltmore Forest Broad. FM, Inc. v. United States*, 555 F.3d 1375, 1380 (Fed. Cir. 2009). In reviewing subject matter jurisdiction and deciding a motion to dismiss based on failure to state a claim, the Claims Court assumes that all uncontroverted factual allegations in the complaint are true and construes them in the light most favorable to the non-movant plaintiff. *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014); *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011).

Pro se pleadings "are held to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam) (internal quotation marks omitted). Nevertheless, the leniency afforded to a pro se litigant does not relieve the litigant of the burden to meet jurisdictional requirements nor excuse their failures. *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995); *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

### A. Failure to State a Claim

The Claims Court found that Harvey failed to plausibly allege a contractual agreement with the government in seeking to enforce the alleged arbitration award. *Harvey*, 149 Fed. Cl. at 772–73, 776. Courts cannot enforce an arbitration award when the underlying contract containing the arbitration clause is invalid. *See First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 947 (1995); *cf. Henry Schein,*

*Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 530 (2019) (reaffirming that courts have the authority to determine whether a valid arbitration agreement exists before referring a dispute to an arbitrator). A plaintiff may establish privity of contract with the United States Government through an express or implied-in-fact contract. *Trauma Serv. Grp. v. United States*, 104 F.3d 1321, 1325 (Fed. Cir. 1997). To do so, a plaintiff must show "mutual intent to contract including an offer, an acceptance, and consideration," and, when the United States is an alleged party, that the government representative who entered into or ratified the agreement had actual authority to bind the government in contract. *Id.*

On appeal, Harvey argues that the Claims Court had no authority to question the existence of a contract between himself and the United States and, instead, was required to unquestioningly order payment to Harvey in the amount he demanded. Appellant's Inf. Br. at 4; S.A. 34, ¶ 26. This is incorrect. Like other contracts, arbitration agreements must be enforced according to the intentions of the parties and other ordinary state-law principles. *First Options*, 514 U.S. at 944, 947. Here, those considerations reveal that the government did not intend to submit to arbitration and, moreover, that it did not intend to enter into any contract at all. Although Harvey attaches several documents to his complaint, nothing in his complaint or in the purported agreement demonstrates that a valid contract existed between Harvey and the United States. There is no evidence of any mutual intent to form an enforceable contract; there is no signature by an authorized representative of the United States; there is no allegation of consideration. For arbitration contracts—as for any other contract—non-parties are not bound. *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002); *Datatreaury Corp. v. Wells Fargo & Co.*, 522 F.3d 1368, 1372 (Fed. Cir. 2008). The arbitrator's determination that an agreement existed is dubious and unsubstantiated. Although Harvey insists that the

government's silence equated to "tacit acquiescence," mere repetition does not make it so.  A court cannot enforce an arbitration award when no valid contract existed.[2]

The Claims Court correctly found that nothing in the contract or the allegations of the complaint demonstrates that a contract even exists between Harvey and the United States, let alone an enforceable arbitration award.  *Harvey*, 149 Fed. Cl. at 768–76.  We affirm the Claim Court's decision to dismiss Harvey's contract claims for failure to state a claim.

### B.  Lack of Jurisdiction

The Claims Court determined that it lacked jurisdiction over Harvey's other claims.  *Id.* at 772.  Specifically, it noted that it lacks jurisdiction over (1) claims against defendants other than the United States, (2) claims that sound in tort, and (3) criminal claims.

First, the Claims Court held that it lacks jurisdiction over Harvey's claims against non-U.S. defendants.  *Id.* at 765–66.  Its holding was correct.  The Claims Court lacks jurisdiction over claims against states, localities, and state and local government entities, as well as over claims against private parties; its jurisdiction only extends to suits against the United States itself.  *United States v. Sherwood*, 312 U.S. 584, 588 (1941).  Harvey provides no explanation of how the Claims Court has jurisdiction over his claims against the State of Louisiana, certain agencies of that state, or a private bank.  The Claims Court correctly

---

[2]    As the Claims Court found, moreover, the alleged arbitration award is incomprehensible, lacks clarity, and contains no specific factual findings or legal conclusions; enforcing such an order would be impossible.  *Harvey*, 149 Fed. Cl. at 774.

determined that those claims fall outside the court's jurisdiction.

Second, to the extent that Harvey's complaint raises allegations of fraud, conspiracy, harassment, and breach of fiduciary duty, the Claims Court found these claims fall outside the court's jurisdiction. *Harvey*, 149 Fed. Cl. at 766–67. We agree. The Tucker Act specifically excludes claims "sounding in tort" from the jurisdiction of the Claims Court. 28 U.S.C. § 1491(a)(1); *see also Keene Corp. v. United States*, 508 U.S. 200, 214 (1993).

Third, as to Harvey's claims that the government engaged in criminal misconduct, the Claims Court correctly found that it lacks jurisdiction over criminal causes of action. *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994).

## III. CONCLUSION

We have considered the remainder of Harvey's arguments, but find them unpersuasive. For the reasons discussed above, the Claims Court properly dismissed this case. Accordingly, we *affirm* the decision of the Claims Court.

## AFFIRMED

### COSTS

Costs to Appellee.