NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DEREK N. JARVIS,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2022-1006

---

Appeal from the United States Court of Federal Claims in No. 1:21-cv-01148-MMS, Senior Judge Margaret M. Sweeney.

---

Decided: April 5, 2022

---

DEREK N. JARVIS, Silver Spring, MD, pro se.

BORISLAV KUSHNIR, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BRIAN M. BOYNTON, TARA K. HOGAN, PATRICIA M. MCCARTHY.

---

Before DYK, TARANTO, and CUNNINGHAM, *Circuit Judges*.

PER CURIAM.

In March 2021, Derek N. Jarvis brought the present action against the United States in the Court of Federal Claims (Claims Court), seeking monetary damages based on wrongs, including enslavement, committed against or by his Native American ancestors, particularly the Cherokee. The Claims Court dismissed the case for lack of subject-matter jurisdiction, concluding, as relevant here, that none of the sources of law cited by Mr. Jarvis provided a sufficient basis for jurisdiction over this action against the United States. *Jarvis v. United States*, 154 Fed. Cl. 712, *reconsideration denied*, 156 Fed. Cl. 393 (2021). Mr. Jarvis appeals. We affirm, discerning no error in the Claims Court's determination that it lacked jurisdiction.

I

On March 29, 2021, Mr. Jarvis filed a complaint in the Claims Court against the United States and certain universities and corporations. Supplemental Appendix (SAppx) 16; SAppx 22. In the complaint, Mr. Jarvis claimed to be "a direct descendant of The Cherokee Freedmen"—and of Cherokee, Iroquois, and Powhatan ancestry—who was left "destitute" because "[t]he practice of slavery . . . deprived [him] of the fruits of his ancestors['] labor." SAppx 19, 23, 36; *see also* Appellant Inf. Br. 9 (stating that he is "owed a large debt for the brutality of his ancestors," as well as for his "exclu[sion] from Indian trust funds"); *id.* at 4, 17 (similar). As compensation, Mr. Jarvis sought monetary damages totaling $40 million. SAppx 43.

On June 1, 2021, the United States filed a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Rules of the U.S. Court of Federal Claims (RCFC). After Mr. Jarvis responded, the Claims Court granted the government's motion and entered judgment pursuant to RCFC Rule 58 dismissing Mr. Jarvis's complaint without prejudice for lack of subject-matter jurisdiction on August 19, 2021. The Claims Court first explained

that it lacked jurisdiction over the claims against the university and corporate defendants. *Jarvis*, 154 Fed. Cl. at 717; *see also* 28 U.S.C. § 1491(a)(1); *United States v. Sherwood*, 312 U.S. 584, 588 (1941). Turning to Mr. Jarvis's claims against the United States, the Claims Court then addressed each source of law cited by Mr. Jarvis and held each one insufficient to confer jurisdiction under the jurisdictional grant at issue, namely, the Tucker Act, 28 U.S.C. § 1491(a)(1). *Jarvis*, 154 Fed. Cl. at 717–20 (explaining why civil rights claims, equal protection and due process claims, tort claims, unjust enrichment claims, treaty claims, breach of trust claims, and reparations claims were not within the jurisdiction of the Claims Court). Thereafter, Mr. Jarvis filed a motion for reconsideration under RCFC Rule 59, but the Claims Court denied the motion on November 1, 2021. *Jarvis*, 156 Fed. Cl. at 395–97.

Mr. Jarvis timely appeals the Claims Court's dismissal. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## II

We review de novo the Claims Court's dismissal for lack of jurisdiction, taking as true all undisputed facts asserted in the complaint and drawing all reasonable inferences in favor of the plaintiff. *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). As plaintiff, Mr. Jarvis "bears the burden of establishing subject-matter jurisdiction by a preponderance of the evidence." *Hopi Tribe v. United States*, 782 F.3d 662, 666 (Fed. Cir. 2015) (citation omitted). Pro se plaintiffs are entitled to a liberal construction of their complaints, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), but they must meet jurisdictional requirements, *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987); *Landreth v. United States*, 797 F. App'x 521, 523 (Fed. Cir. 2020).

Mr. Jarvis argues on appeal that Tucker Act jurisdiction exists to hear his claims of a government violation of at least one 1866 federal treaty with the Cherokee and a

breach by the government of a trust relationship the United States has with Native Americans. *E.g.*, Appellant Inf. Br. iii, 2–5, 15–20, 23–24. That argument recognizes that the Tucker Act is not independently a source of jurisdiction. To establish jurisdiction, "the plaintiff must look beyond the Tucker Act to identify a substantive source of law that creates the right to recovery of money damages against the United States." *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008) (citing *United States v. Mitchell*, 463 U.S. 206, 216 (1983) (*Mitchell II*)); *see also United States v. Navajo Nation*, 556 U.S. 287, 290 (2009) (*Navajo Nation II*); *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005). We agree with the Claims Court that the two sources of law Mr. Jarvis now invokes do not create a right to money damages and so do not support jurisdiction under the Tucker Act.[1]

First: Mr. Jarvis contends that "[t]he 1886 Treaties state[] unequivocally, that Indigenous American Indians[,] such as Appellant Jarvis, [are] entitled to housing, restitution and access to Indian trust funds, access to resources and land among other benefits." Appellant Inf. Br. ii. But he has identified, in this court and in the Claims Court, only one treaty, namely, the Treaty with the Cherokee, July 19, 1866, 14 Stat. 799, and the Claims Court addressed only that treaty, *Jarvis*, 154 Fed. Cl. at 718; *Jarvis*, 156 Fed. Cl. at 396. In that treaty, Mr. Jarvis has pointed only to article 9, which states: "The Cherokee nation having, voluntarily, . . . forever abolished slavery, hereby covenant and agree that never hereafter shall either slavery or involuntary servitude exist in their nation . . . . They further agree that all freedmen who have been liberated . . . and their descendants, shall have all the rights of native

---

[1]    The failing under the Tucker Act would also preclude jurisdiction under the Indian Tucker Act, 28 U.S.C. § 1505. *See Navajo Nation II*, 556 U.S. at 290.

Cherokees . . . ." 14 Stat. at 801; *see, e.g.*, Appellant Inf. Br. ii, iii, 16. As the Claims Court held, however, that statement is not fairly interpreted as "mandating compensation by the Federal Government." *Navajo Nation II*, 556 U.S. at 290 (quoting *United States v. Testan*, 424 U.S. 392, 400 (1976)); *see Jarvis*, 156 Fed. Cl. at 396. And we see no other provision of the 1866 treaty that provides a right to monetary compensation from the United States applicable to the wrongs Mr. Jarvis alleges.

Second: The Supreme Court has held that "'the undisputed existence of a general trust relationship between the United States and the Indian people' . . . alone is insufficient to support jurisdiction under the Indian Tucker Act," *United States v. Navajo Nation*, 537 U.S. 488, 506 (2003) (quoting *Mitchell II*, 463 U.S. at 225), and the same is true under the general Tucker Act, *cf. Navajo Nation II*, 556 U.S. at 290; *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003); *Spengler v. United States*, 688 F. App'x 917, 921 n.2 (Fed. Cir. 2017). A plaintiff asserting a trust basis for damages must first "identify a specific, applicable, trust-creating statute or regulation that the government violated," as well as show that the "trust duty [is] money mandating." *Navajo Nation II*, 556 U.S. at 302; *see also id.* at 290–91; *Hopi Tribe*, 782 F.3d at 667–68. As the Claims Court held, Mr. Jarvis has not identified any statute, regulation, or treaty that created an applicable trust relationship between the United States and Mr. Jarvis as a descendant of the Cherokee Freedmen, Cherokee, Powhatan, or Iroquois tribes. *Jarvis*, 154 Fed. Cl. at 718–19; *Jarvis*, 156 Fed. Cl. at 396–97; Appellant Inf. Br. 18–20, 23–24. Mr. Jarvis's trust theory therefore fails.

In sum, Mr. Jarvis has not identified a source of law that grants him a claim against the United States for the payments he seeks, including money he suggests was paid to others. Without such a money-mandating source of law, he has not established jurisdiction.

### III

Aside from the above alleged substantive errors, Mr. Jarvis also accuses the Claims Court of various procedural errors, which he claims evidence bias. Appellant Inf. Br. v–vi, 21, 27–29. None of Mr. Jarvis's allegations merit reversal. We discuss here only two of the alleged errors.

Mr. Jarvis argues that the Claims Court improperly considered matters outside the pleadings. We see no impropriety. The Claim Court's statement in the Background section of its opinion that "Mr. Jarvis is a frequent litigant in federal courts" and its subsequent citation to cases of public record in which Mr. Jarvis was a litigant, *see Jarvis*, 154 Fed. Cl. at 715 & n.1, were permissible, as courts may consider public records when resolving a motion to dismiss, *see Dimare Fresh, Inc. v. United States*, 808 F.3d 1301, 1306 (Fed. Cir. 2015); *Indium Corp. of America v. Semi-Alloys, Inc.*, 781 F.2d 879, 884 (Fed. Cir. 1985). In any event, even if Mr. Jarvis were correct that this was error, it would be harmless error since the Claims Court did not rely on Mr. Jarvis's litigation history to reach its jurisdictional holding. *Jarvis*, 154 Fed. Cl. at 715 n.1 ("The court makes no findings of fact in this opinion."); *id.* at 717–20 (not mentioning prior litigation in jurisdictional analysis); *cf. Commercial Contractors, Inc. v. United States*, 154 F.3d 1357, 1367 (Fed. Cir. 1998) ("In any event, the court did not rely significantly on the summaries of the statements, so any error in their admission would be harmless.").

Mr. Jarvis also argues that the Claims Court made statements in the initial dismissal that contradict statements in the denial of reconsideration. We see no such contradiction. The Claims Court's statement that "Mr. Jarvis has not identified a provision of [the 1866] treaty, or of other treaties given passing mention in the complaint, *that is money-mandating* so as to support Tucker Act jurisdiction for his claim," *Jarvis*, 154 Fed. Cl. at 718 (emphasis added), is consistent with its later statement that Mr.

Jarvis "identifies only one provision of the [1866] treaty" in his motion for reconsideration, but that "[a]s noted in the court's prior opinion, general statements of this nature in the Treaty with the Cherokee of 1866 do not establish a right for Mr. Jarvis to obtain monetary compensation from the United States," *Jarvis*, 156 Fed. Cl. at 396. Similarly, the Claims Court's initial observation that "there is no allegation in the complaint that Mr. Jarvis has applied for tribal membership" and its discussion of why it would not have jurisdiction to grant him membership, *Jarvis*, 154 Fed. Cl. at 717 n.2, are consistent with the Claims Court's later statement that it did not dispute the absence of a bar against an individual Native American (rather than a tribe) bringing breach-of-trust claims, *Jarvis*, 156 Fed. Cl. at 396.[2]

## IV

For the foregoing reasons, we affirm the Claims Court's dismissal of the case for lack of subject-matter jurisdiction.

The parties shall bear their own costs.

## AFFIRMED

---

[2]  The Claims Court, in its initial decision, warned that "the filing of another complaint in this court that ignores the jurisdictional limits of [the court] may lead to sanctions for frivolous litigation conduct," *Jarvis*, 154 Fed. Cl. at 720, and in denying reconsideration (to create finality), the court directed the clerk's office to reject "any further filings in this case," *Jarvis*, 156 Fed. Cl. at 397. We see no reversible error in these rulings.