NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LESA J. WERME,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2023-1088

---

Appeal from the United States Court of Federal Claims in No. 1:22-cv-00422-RTH, Judge Ryan T. Holte.

---

Decided:  July 12, 2023

---

LESA WERME, Holland, MI, pro se.

DANIEL FALKNOR, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by BRIAN M. BOYNTON, WILLIAM JAMES GRIMALDI, PATRICIA M. MCCARTHY.

---

Before HUGHES, LINN, and STARK, *Circuit Judges.*

PER CURIAM.

Ms. Lesa Werme filed suit in the United States Court of Federal Claims alleging that a federal district court judge effectuated a judicial taking of Ms. Werme's property when the judge did not recuse herself from a lawsuit by Ms. Werme alleging that a bank related to the foreclosure of Ms. Werme's home committed various torts. The Court of Federal Claims found that it lacked subject matter jurisdiction to consider Ms. Werme's allegations and dismissed the case. We affirm the dismissal.

I

Ms. Werme's property was foreclosed in 2014. Ms. Werme thereafter filed a lawsuit challenging the foreclosure (the foreclosure case) as well as another lawsuit—separate from the foreclosure case—alleging various torts against a bank (the torts case). In the foreclosure case, the foreclosure of Ms. Werme's property was upheld. *See Werme v. Huntington Nat'l Bank*, No. 1:16-CV-479, 2016 WL 4578006, at *4 (W.D. Mich. Sept. 2, 2016) (*Werme I*).

The torts case was heard by a different federal judge. *Compare Werme I*, 2016 WL 4578006, at *1, *with Werme v. Mortg. Ctr., LLC*, No. 1:15-CV-130, 2018 WL 3458567, at *1 (W.D. Mich. July 6, 2018) (*Werme II*). The district court judge in the torts case resolved the claims in the bank's favor in part because the foreclosure had been upheld in the foreclosure case. *Werme II*, 2018 WL 3458567, at *3. The United States Court of Appeals for the Sixth Circuit affirmed the judgment in the torts case. *See Werme v. Mortg. Ctr., LLC*, 764 F. App'x 521 (6th Cir. March 20, 2019).

Ms. Werme then filed a complaint in the Court of Federal Claims alleging that the district court judge in the torts case had a financial conflict of interest and effectuated a judicial taking of her property by failing to recuse herself from the case. The Court of Federal Claims dismissed Ms. Werme's complaint for lack of jurisdiction because to determine whether a judicial taking occurred, the court found that it would have to review whether the district court judge should have recused herself. The trial

court declined to do so, holding that it lacked jurisdiction to scrutinize the actions of another tribunal. Accordingly, the trial court found that it lacked jurisdiction over Ms. Werme's complaint. Ms. Werme appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## II

We review de novo a Court of Federal Claims' decision dismissing a case for lack of subject matter jurisdiction. *Diversified Grp. Inc. v. United States*, 841 F.3d 975, 980 (Fed. Cir. 2016). The plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence. *Id.* Although we give *pro se* plaintiffs more latitude in their pleadings than a party represented by counsel, they must still meet jurisdictional requirements. *Kelley v. Sec'y, U.S. Dep't of Lab.*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

"[T]he Court of Federal Claims does not have jurisdiction to review the decisions of district courts or the clerks of district courts relating to proceedings before those courts." *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994). In the context of a judicial takings claim, neither we nor the Court of Federal Claims has jurisdiction to review the decision of a United States district court if "resolution of [a plaintiff's] judicial takings claim depends on the Court of Federal Claims' finding that the [district court's] decision was in error." *Petro-Hunt, L.L.C. v. United States*, 862 F.3d 1370, 1386 (Fed. Cir. 2017).

That is the situation we have here. Resolution of Ms. Werme's judicial takings claim turns on whether the district court judge in the torts case had a financial conflict of interest. *See* Appellant's Br. 6; *see also* S.A. 3. Thus, Ms. Werme necessarily asks us to consider whether the district court judge should have recused herself based on an alleged financial interest in one of the parties and if the failure to recuse caused Ms. Werme to be deprived of her property without just compensation. The Court of Federal Claims was correct to hold that it lacked jurisdiction to

review such issues. *See Joshua*, 17 F.3d at 380; *Petro-Hunt*, 862 F.3d at 1386; *Shinnecock Indian Nation v. United States*, 782 F.3d 1345, 1353 (Fed. Cir. 2015) ("Permitting parties aggrieved by the decisions of Article III tribunals to challenge the merits of those decisions in the Court of Federal Claims would circumvent the statutorily defined appellate process and severely undercut the orderly resolution of claims."). The Court of Federal Claims therefore properly dismissed the case for lack of jurisdiction.[1]

## III

We have considered Ms. Werme's remaining arguments and find them unpersuasive and affirm the dismissal of the complaint for lack of subject matter jurisdiction.

**AFFIRMED**

Costs

No costs.

---

[1]    Ms. Werme also argues that the federal district court judge in the torts case had a conflict of interest because she owned stock in a company called General Dynamics and the individual who granted Ms. Werme title to the property at issue was potentially a member of a class action suit involving General Dynamics in 1994. Appellant's Br. 5–6. This argument is made for the first time on appeal (*compare* Appellant's Br. 5–6, *with* S.A. 20–24) and is therefore forfeited. *Caterpillar Inc. v. Sturman Indus., Inc.*, 387 F.3d 1358, 1368 (Fed. Cir. 2004). Regardless, we fail to see a relevant connection between the foreclosure of Ms. Werme's property and the class action lawsuit involving General Dynamics.