NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**JAVIER MANDRY, AKA JAVIER E. MANDRY-MERCADO,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

———————————

2023-1693

———————————

Appeal from the United States Court of Federal Claims in No. 1:23-cv-00281-DAT, Judge David A. Tapp.

———————————

Decided: November 16, 2023

———————————

JAVIER MANDRY MERCADO, Ponce, PR, pro se.

PATRICK ANGULO, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY, LOREN MISHA PREHEIM.

———————————

Before LOURIE, REYNA, and HUGHES, *Circuit Judges*.

PER CURIAM.

Javier Mandry appeals from a decision of the United States Court of Federal Claims dismissing his complaint for lack of subject matter jurisdiction. We affirm.

### BACKGROUND

Mr. Mandry, a resident and taxpayer of the Commonwealth of Puerto Rico, filed a complaint before the United States Court of Federal Claims ("Court of Federal Claims") seeking $5 million in damages and other relief. *See Mandry v. United States*, 165 Fed. Cl. 170, 171 (2023) ("*Decision*").

Among other things, Mr. Mandry's complaint sought to challenge the legality of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"). Reply Br. 2, 5. Mr. Mandry had filed earlier lawsuits before the United States District Court for the District of Puerto Rico that were stayed as a result of PROMESA, and Mr. Mandry's complaint before the Court of Federal Claims alleged that those stays were unconstitutional. *Id.* at 3–4. Mr. Mandry also alleged that the passage of the 2014 Consolidated Appropriations Act, Pub. Law No. 113-76, required the United States to provide funds for a vote of all Puerto Rican residents to decide whether Puerto Rico should become the United States' fifty-first state.[1] *See, e.g.*, Appellant's Informal Br. 4–5; Reply Br. 2, 14.

---

[1]    Mr. Mandry's complaint also alleged other claims for relief that were addressed by the Court of Federal Claims, including under the First and Fourteenth Amendments. *See Decision*, at 172–73. On appeal, Mr. Mandry appears to state that he is no longer pursuing those claims. Reply Br. 2. Accordingly, they are not further addressed herein.

Mr. Mandry's informal complaint was filed on February 21, 2023. *Mandry v. United States*, No. 23-281, ECF 1 (Fed. Cl. Feb. 21, 2023). Approximately one month later, on March 27, 2023, the Court of Federal Claims dismissed it for lack of subject matter jurisdiction and failure to state a claim. *Decision*, at 172. The Court of Federal Claims interpreted Mr. Mandry's allegations regarding "Congressional inaction on the Puerto Rican statehood referendum and PROMESA" as a takings claim under the Fifth Amendment. *Id.* It concluded, however, that Mr. Mandry had failed to plead that "the United States took his private property for public use" as required to state such a claim. *Id.* at 173. As to Mr. Mandry's challenge to the stay of his other cases under PROMESA, the Court of Federal Claims explained, "[i]t is well-settled law that this [c]ourt lacks subject-matter jurisdiction to review the judicial decisions of other courts." *Id.* (citations omitted).

Mr. Mandry timely appeals. We have jurisdiction to review the Court of Federal Claims' decision under 28 U.S.C. § 1295(a)(3).

## STANDARD OF REVIEW

We review *de novo* decisions by the Court of Federal Claims to dismiss a case for lack of subject matter jurisdiction. *See Diversified Grp. Inc. v. United States*, 841 F.3d 975, 980 (Fed. Cir. 2016).

## DISCUSSION

We affirm the Court of Federal Claims' determination that it lacked subject matter jurisdiction over Mr. Mandry's claims.

The Court of Federal Claims is a court of limited jurisdiction. *United States v. Testan*, 424 U.S. 392, 397–99 (1976). That jurisdiction is established, at least in part, by the Tucker Act. 28 U.S.C. § 1491. Under the Tucker Act, the Court of Federal Claims can consider claims founded "upon any express or implied contract with the United

States."  28 U.S.C. § 1491(a)(1).  The Tucker Act also gives the Court of Federal Claims jurisdiction over claims for money damages against the United States based on "the Constitution, or any Act of Congress or any regulation of an executive department."  *Id.*; *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc) (explaining that "a plaintiff must identify a separate source of substantive law that creates the right to money damages").

To support his position that the Court of Federal Claims has jurisdiction to hear his case, Mr. Mandry states that he "assert[s] claims arising from a breach of contract and claims based on separate sources of law."  Reply Br. 2. Mr. Mandry appears to allege that through the passage of the 2014 Consolidated Appropriations Act, as well as the enactment of PROMESA and other conduct, the United States entered into a contract with Puerto Rico regarding its residents' right to vote for Puerto Rico to join the Union, of which Mr. Mandry is a third-party beneficiary entitled to bring suit on Puerto Rico's behalf.  Appellant's Informal Br. 13–17; Reply Br. 9–10, 13–14.

Although Mr. Mandry attempts to style his claims as breach of contract, he has not alleged the existence of an express or implied contract that supports the Court of Federal Claims' jurisdiction under the Tucker Act.  Creating a contract with the United States requires showing mutuality of intent between the United States and the other contracting party, consideration, unambiguous offer and acceptance, and authority on the part of a government official to bind the United States.  *See Biltmore Forest Broad. FM, Inc. v. United States*, 555 F.3d 1375, 1380 (Fed. Cir. 2009).  Congress' passage of PROMESA does not fulfill these contract creation requirements, nor otherwise involve an earlier contract between the government and a private party that could implicate a breach of contract claim.  *Cf. Conner Bros. Const. Co. v. Geren*, 550 F.3d 1368, 1371–72 (Fed. Cir. 2008) (discussing "the government's dual roles as contractor and sovereign" in the context of the

sovereign acts doctrine and reiterating that "the United States as a contractor cannot be held liable directly or indirectly for the public acts of the United States as a sovereign").

Because Mr. Mandry appears to hinge all his jurisdictional arguments on appeal on this breach of contract theory, and because that theory lacks merit, he has not shown that the Court of Federal Claims has jurisdiction over any of his claims. However, we also briefly address some of his other arguments.

Mr. Mandry asserts a right to challenge the constitutionality of PROMESA on behalf of himself as well as others similarly situated.[2] As the Court of Federal Claims explained, Mr. Mandry's challenge to PROMESA at most amounts to either a claim under the Fifth Amendment's Takings Clause or disagreement with another court's stay pursuant to PROMESA of other cases filed by Mr. Mandry. *Decision*, at 172–73. But at least as to his allegations seeking a vote for Puerto Rico to become the fifty-first state, Mr. Mandry has not alleged that the United States took his

---

[2]    The Court of Federal Claims declined to consider Mr. Mandry's class action claims because under the rules of the court, a pro se litigant cannot bring claims on behalf of a class. *Decision*, at 172. However, a few days before the Court of Federal Claims issued its decision, Mr. Mandry had submitted a request for appointment of temporary counsel with regard to his class claims. Appellant's Informal Br. 32–36. This request was not added to the court docket or resolved until after the Court of Federal Claims had issued its order dismissing the case. Because, as stated herein, the Court of Federal Claims would have lacked jurisdiction to hear Mr. Mandry's class claims even if he was represented by counsel, this unusual timeline of events does not affect the outcome of Mr. Mandry's case on appeal.

private property for public use without compensation. Mr. Mandry's argument that "the property interest at stake in this matter pertains to the certification of election results," Reply Br. 11, does not support a claim for the taking of Mr. Mandry's—or others'—pirvate property by the government.

In challenging the PROMESA stays of his other cases filed in the District of Puerto Rico, Mr. Mandry also fails to address the "well-settled law that [the Court of Federal Claims] lacks subject matter jurisdiction to review the judicial decisions of other courts." *Decision*, at 173 (citing *Innovair Aviation Ltd. v. United States*, 632 F.3d 1336, 1344 (Fed. Cir. 2011) and *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994)). Nor does Mr. Mandry adequately develop the argument that he should be permitted to challenge the constitutionality of PROMESA's stay provisions on a class action basis before the Court of Federal Claims. *See Gelb v. Dept. of Veterans Affs.*, No. 2023-1157, 2023 WL 3493702, at *7 n.6 (Fed. Cir. May 17, 2023) (nonprecedential) (finding that pro se appellant, even with the pleadings liberally construed, waived arguments by failing to develop them). This is particularly true given that PROMESA's stay provisions state the District Court for the District of Puerto Rico has exclusive jurisdiction to provide relief from a stay under PROMESA in individual civil cases. *See, e.g.*, 48 U.S.C. § 2194(e). In these circumstances, we find insufficient support for Mr. Mandry's assertion that the Court of Federal Claims can maintain jurisdiction over either his personal or class-wide challenges to PROMESA.

Mr. Mandry expresses the importance of ensuring that pro se litigants receive meaningful access to the courts and justice. *See, e.g.*, Reply Br. 7–8. Public access to the courts is important, and one way we ensure that access is by holding a pro se litigant's complaint to a less stringent standard than a complaint filed by an attorney. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). But even a pro se plaintiff is

not excused from the burden of meeting the court's jurisdictional requirements. *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). Mr. Mandry has not met those requirements with his claims.

### CONCLUSION

We have considered Mr. Mandry's other arguments and find them unpersuasive. We affirm the Court of Federal Claims' dismissal of Mr. Mandry's complaint.

### **AFFIRMED**

### COSTS

No costs.