# In the United States Court of Federal Claims

No. 24-1821C
Filed: November 19, 2024
NOT FOR PUBLICATION

---

RAMEY ALAINE CHISUM,

       *Plaintiff,*

v.

UNITED STATES,

       *Defendant.*

---

## ORDER

The plaintiff, proceeding *pro se*, filed this action on October 11, 2024. The case was docketed on November 5, 2024. The plaintiff contemporaneously filed a motion for leave to proceed *in forma pauperis*.[1]

The complaint fails to identify a non-frivolous basis for Tucker Act jurisdiction over the plaintiff's claims and is dismissed pursuant to Rules 12(b)(1) and 12(h)(3) of the Rules of the Court of Federal Claims ("RCFC").

Before considering the merits of a plaintiff's claims, a court must first determine that it has jurisdiction to hear the case. Jurisdiction is a threshold matter that a court must resolve before it addresses the merits of a case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). A federal court has a responsibility to ensure that it has jurisdiction over any claims asserted. *See, e.g.*, *St. Bernard Parish Gov't v. United States*, 916 F.3d 987, 992-93 (Fed. Cir. 2019). A court may dismiss a complaint on its own initiative if "the pleadings sufficiently evince a basis" for the court to take that action. *Anaheim Gardens v. United States*, 444 F.3d 1309, 1315 (Fed. Cir. 2006). At this stage of the case, all the plaintiff's nonfrivolous factual allegations are assumed to be true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011).

The plaintiff is proceeding *pro se*. As a result, her pleadings are entitled to a more liberal construction than they would be given if prepared by a lawyer. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). Giving a *pro se* litigant's pleadings a liberal construction does

---

[1] Based on the information contained in the plaintiff's motion, the plaintiff is eligible to proceed *in forma pauperis*, and the plaintiff's motion for leave to proceed *in forma pauperis* is **GRANTED**.

not divest a *pro se* plaintiff of the burden of demonstrating that the complaint satisfies the jurisdictional limitations on the types of claims the Court of Federal Claims may consider. *See Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

The allegations of the complaint and its attachments are assumed to be true at this stage of the case. The plaintiff alleges that a health-care provider made an erroneous diagnosis of her and violated patient-privacy laws. She alleges Missouri state officials took no action on her complaints against the health-care provider. Finally, she alleges that the Departments of Justice, Health and Human Services ("HHS"), and Housing and Urban Development ("HUD") failed to investigate or remedy her complaints that her federal civil rights were being violated.[2]

The jurisdiction of the Court of Federal Claims is established by the Tucker Act, 28 U.S.C. § 1491(a)(1), which provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

The Tucker Act waives the sovereign immunity of the federal government to allow jurisdiction in the Court of Federal Claims if a claim is: "(1) founded on an express or implied contract with the United States, (2) seeking a refund from a prior payment made to the [United States], or (3) based on federal constitutional, statutory, or regulatory law mandating compensation by the federal government for damages sustained," unless arising from a tort. *Curie v. United States*, 163 Fed. Cl. 791, 799 (2022) (citing, *inter alia, United States v. Navajo Nation*, 556 U.S. 287, 289-90 (2009)).

Under the Tucker Act, the Court of Federal Claims does not have jurisdiction over any defendants other than the United States. *United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the [predecessor to the Court of Federal Claims]"). Accordingly, to the extent a complaint seeks relief from defendants other than the United States, the Court of Federal Claims lacks jurisdiction to consider those claims, and the complaint must be dismissed against any defendants other than the United States for lack of jurisdiction.

The plaintiff's complaint names the United States as a defendant, but the substance of her dispute appears to be with a health-care provider and state officials in Missouri. Her only complaints against agencies of the United States involve their failure to investigate or act on the

---

[2] While the complaint explains the allegations against the Departments of Justice and HHS, it fails to explain the allegations involving HUD, merely noting a claim against that agency. The complaint does allege that the plaintiff and her child are being denied a "safe community[-]based setting." That allegation may underlie the claim against HUD.

plaintiff's complaints to them about alleged violations of her civil rights. The plaintiff does not allege that she has a contract with the United States, that the United States took the plaintiff's property, that the United States has failed to pay the plaintiff money she is owed, or that the United States has illegally exacted funds from the plaintiff. The complaint is opaque as to the basis for any claim against the United States founded on a money-mandating provision of law.[3]

For relief, the plaintiff seeks only equitable relief in the form of injunctions to federal agencies, no monetary relief. Under 28 U.S.C. § 1491(a), the Court of Federal Claims generally lacks authority to award equitable relief, except in connection with an award of money damages.

In the absence of any basis for imposing monetary liability on the United States, the Court of Federal Claims lacks jurisdiction over the plaintiff's claim, and the complaint must be dismissed. RCFC 12(b)(1) and 12(h)(3).

Before dismissing a complaint for lack of jurisdiction, 28 U.S.C. § 1631 requires the court to consider whether to transfer the case to a federal court that could properly exercise jurisdiction. The allegations are not sufficiently clear to determine whether they state a claim. Rather, as drafted the complaint effectively seeks directions to federal agencies to perform discretionary functions; such claims are typically beyond the mandamus power of the district courts. Transfer of the current complaint to another federal court is not in the interest of justice.

Even construed liberally, the complaint fails to state a plausible claim for relief within the limited jurisdiction of the Court of Federal Claim. Accordingly, the complaint is **DISMISSED** without prejudice pursuant to RCFC 12(b)(1) and 12(h)(3). The Clerk is **DIRECTED** to enter judgment accordingly. No costs are awarded.

It is so **ORDERED**.

s/ Richard A. Hertling
**Richard A. Hertling**
**Judge**

---

[3] To the extent the complaint cites federal statutes as bases for liability, none are money-mandating sources of law for purposes of jurisdiction in the Court of Federal Claims.