# In the United States Court of Federal Claims

No. 26-853C
Filed: June 11, 2026
NOT FOR PUBLICATION

COOLERIDGE BELL BEY,

      *Plaintiff,*

v.

UNITED STATES,

      *Defendant.*

## ORDER

Cooleridge Bell Bey, proceeding without a lawyer, filed a complaint on June 9, 2026; the complaint was docketed on June 10, 2026. The plaintiff neither paid the filing fee nor sought leave to proceed without the prepayment of the filing fee. Typically, he would be ordered to pay the fee or seek leave to proceed without paying the fee within 30 days. In this instance, however, the complaint patently fails to identify a claim within the limited jurisdiction of the Court of Federal Claims. Accordingly, the complaint is dismissed, on the Court's own motion.

Jurisdiction is a threshold matter that a court must resolve before it addresses the merits of a case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). A federal court has a responsibility to ensure that it has jurisdiction over any claims asserted. *St. Bernard Parish Gov't v. United States*, 916 F.3d 987, 992-93 (Fed. Cir. 2019). A court may dismiss a complaint on its own initiative if "the pleadings sufficiently evince a basis" for the court to take that action. *Anaheim Gardens v. United States*, 444 F.3d 1309, 1315 (Fed. Cir. 2006). At this stage of the case, all the plaintiff's nonfrivolous factual allegations are assumed to be true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The plaintiff is proceeding without a lawyer. As a result, his pleadings are entitled to a more liberal construction than they would be given if prepared by a lawyer. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). Giving the pleadings of a plaintiff without a lawyer a liberal construction does not divest the plaintiff of the responsibility to demonstrate that the complaint satisfies the jurisdictional requirements that limit the claims the Court of Federal Claims may resolve. *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

The jurisdiction of the Court of Federal Claims to address claims for money damages is established by the Tucker Act, 28 U.S.C. § 1491(a)(1), which provides:

The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

Under the Tucker Act, the Court of Federal Claims does not have jurisdiction over any defendants other than the United States. *United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the [predecessor to the Court of Federal Claims]"). Accordingly, to the extent a complaint seeks relief from defendants other than the United States, the Court of Federal Claims lacks jurisdiction to consider those claims, and the complaint must be dismissed against any defendants other than the United States for lack of jurisdiction.

The plaintiff does not name the United States as a defendant. The only parties identified in both the caption and the body of the complaint are justices of the Appellate Division, First Department of the New York State Supreme Court and various other New York judges and court employees; the complaint also identifies the Metropolitan Transportation Authority and some of its employees, and some law enforcement officers, who appear to be New York City police officers, but are not specifically identified as such.

The complaint on its face but fails to identify any claim against the United States. There is no allegation that the plaintiff has a contract with the United States, that the United States took the plaintiff's property, that the United States has failed to pay the plaintiff, or that the United States has illegally exacted funds from the plaintiff. In short, the plaintiff alleges no conduct by the United States that caused his any injury.

Because even under a liberal reading of the complaint, no allegations against the United States are presented, it would be pointless to direct the plaintiff to pay the filing fee or seek leave to proceed without prepayment of the fee. In either case, the complaint would be dismissed.

Because it fails to identify a claim against the United States under the Tucker Act, the complaint is **DISMISSED** without prejudice under Rule 12(h)(3) of the Rules of the Court of Federal Claims. The Clerk is **DIRECTED** to enter judgment accordingly. No costs are awarded.

It is so **ORDERED**.

s/ Richard A. Hertling
**Richard A. Hertling**
**Judge**

2